JOSEPH H. MEYER BROS., INC., Respondent, v. EDWARD F. HIGGINS and Others, Appellants.— Orders denying motions to vacate notices of examination before trial modified so as to provide that at the time of each examination the protection of secrecy be imposed with respect to the evidence adduced, so that such evidence, in so far as it concerns the secret process particularly, may not become available to other than the parties to the litigation and the court or referee hearing the testimony upon the examinations and upon the trial. As so modified the orders are affirmed, with ten dollars costs and disbursements to respondent. Examinations to proceed on five days' notice at the place and hour stated in the respective orders. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

A. R. OLSEN BUILDING COMPANY, INC., Respondent, v. BADRY FARKOUH and Others, Appellants.— Order denying defendants' motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ., concur.

TRIANGLE MINT CORPORATION, Respondent, v. EDWARD P. MULROONEY, as Commissioner of Police of the Police Department of the City of New York, and Any and All Members of the Police Department of the City of New York, Appellants.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. While the use of the machine, with the cotter pin inserted, may be innocent enough, save for the possibility of a storekeeper's exchanging the tokens or slugs for merchandise or cash, of which there is no proof here, the extraction of the cotter pin makes the machine a slot machine in violation of sections 970-a and 982 of the Penal Law.* These machines are undoubtedly manufactured and leased for gambling purposes, with the insertion of the cotter pin as a cloak or cover therefor. The police were justified in seizing them. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Kapper and Scudder, JJ., concur; Hagarty and Carswell, JJ., concur in result. Settle order on notice.

NELLIE L. TWISS, Respondent, v. LE ROY LOTTER and JOSEPH FERRIS, Appellants.— Order modified by providing that the examination of each defendant shall be limited to the operation of his own car and as so modified affirmed, without costs, upon stipulation by counsel for the respondent upon the argument. In any event, clearly the scope of the examination is too broad and general. Examination of defendant Lotter to proceed on five days' notice at the place and hour stated in the order; examination of defendant Ferris to proceed on the following day at the same place and hour on similar notice. Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ., concur.

---

* See Penal Law, § 970-a, added by Laws of 1917, chap. 516, as amd. by Laws of 1922, chap. 667; Id. § 982, as amd. by Laws of 1928, chap. 543.— [REP.