THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT JENNINGS, Appellant.

(Argued June 16, 1931; decided July 15, 1931.)

*Arthur Rowland* for appellant. The machine is not a slot machine as defined by section 982 of the Penal Law and does not violate the statute. (*People* v. *Kopper*, 253 N. Y. 83; *People* v. *Goodkin*, 230 App. Div. 766; *People* v. *Spitzig*, 133 Misc. Rep. 508; *Byk* v. *Enright*, 240 N. Y. 699; *Lyman* v. *Kurtz*, 166 N. Y. 274.)

*Frank H. Coyne, District Attorney* (*J. Lester Albertson* of counsel), for respondent. The machine is a slot machine as defined by section 982 of the Penal Law. (*People* v. *Kopper*, 253 N. Y. 83; *People* v. *Goodkin*, 230 App. Div. 766; *Byk* v. *Enright*, 240 N. Y. 699; *Lyman* v. *Kurtz*, 166 N. Y. 274; *People ex rel. Verchereau* v. *Jenkins*, 153 App. Div. 512; *People* v. *Spitzig*, 133 Misc. Rep. 508; *Harvie* v. *Heise*, 148 S. E. Rep. 66.)

CRANE, J. The defendant has been convicted of violating section 982 of the Penal Law for having in his possession a slot machine. The evidence shows that the machine is not one of those covered by the section. It is conceded that in its operation there is no element of chance for the winning or losing of money or any check or memoranda calling for money. By the dropping of a coin in the slot and the pulling of a lever a candy mint falls out of the machine and a witty or funny saying appears in an upper panel. One or more metal rings of no intrinsic value may also fall out, according to combinations formed upon the turn of the lever. These rings or metals have no money value. By their insertion in the slot other bright or witty statements appear in

the panel. The only chance connected with the operation of the machine is that wit or humor may momentarily brighten up the vacuous minds hunting amusement. In this machine age even humor is manufactured.

The product, however, is valueless from a monetary standpoint, perhaps, if not from any other. Section 982 of the Penal Law differs from section 970-a in certain particulars. The former section applies to the possession of slot machines, and makes it a misdemeanor to keep or maintain any machine into which may be inserted a piece of money, and from which as a result may issue " any piece or pieces of money, or any check or memoranda calling for any money." The latter section, 970-a, applies to the sale or lease of a slot machine, and this describes the contrivance as one from which " may issue any piece or pieces of money, or any check or memoranda calling for any money; or any machine or device of any kind or nature by the use or operation of which there is an element of chance for the winning or losing of money or other things of value." The words " other things of value " do not appear in section 982. Nothing of value, or at least of money value, came out of the machine in the control and possession of the defendant in this case. The judgment of conviction for the violation of section 982 is unsupported by the evidence and must be reversed.

The District Attorney introduced in evidence a circular issued by the manufacturer of this machine, the Mills Novelty Company, of Chicago, Illinois, showing how it can be altered and changed so as to be used as a gambling device, that is, one that will emit, with an element of chance, money or things of value by the insertion of a coin and the turn of a handle. The People also introduced expert testimony to show how the particular machine in the possession of the defendant might be thus played if the mechanism were different. Such evidence was entirely incompetent. No changes in the machine had been made while in the possession of the defendant.

It discharged only candy mints and rings of no monetary value. The case against him cannot be upheld by evidence of what might have been done. Sufficient unto the day is the evil thereof.

We have had other cases before us involving like machines and the propriety of a court of equity interfering by injunction with the police in seizing such machines as gambling implements. The discretion of the court in such a matter is to be wisely and deliberately exercised. The evidence above referred to, indicating the readiness with which an innocent contrivance may be turned into a gambling device, may be relevant and competent in moving the court not to interfere with the police. Not so in a criminal case charging the defendant with the possession of an instrument already equipped for the nefarious play. Our statutes apparently recognize that the gambler plays for money, not for literature.

The judgment of the County Court and that of the Court of Special Sessions should be reversed and the information dismissed.

POUND, J. (dissenting). I think the device was a " slot machine " under Penal Law, section 982. It " might have issued " checks calling for money, as well as the so-called irredeemable disks. This would have been the case if the disks had been redeemable in money.

CARDOZO, Ch. J., LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur with CRANE, J.; POUND, J., dissents in memorandum.

Judgments reversed, etc.