HARRY YOUNG, Respondent, *v.* THEODORE A. SUNDERMAN, as Acting Property Clerk of the Police Department of the City of New York, Appellant.

Supreme Court, Appellate Term, First Department, June 7, 1932.

*Arthur J. W. Hilly, Corporation Counsel [Charles E. Ramsgate and J. Joseph Lilly of counsel], for the appellant.*

No appearance for respondent.

PER CURIAM. It appears that the plaintiff, when arrested for possession of the slot machines involved herein, was discharged by the magistrate. Therefore, the machines may not be destroyed pursuant to the provisions of section 978 of the Penal Law. It is only where the *magistrate* finds that the machine was of a character suitable for gambling purposes and has been used by the possessor in violation of the article against gambling that he is to order it destroyed under that section.

Under the decision of the Court of Appeals in *People* v. *Jennings* (257 N. Y. 196) possession of the instant machines does not appear to violate section 982 of the Penal Law. If it did they might be destroyed irrespective of the acquittal or conviction of the person arrested. (Penal Law, § 985.) The court accordingly reluctantly affirms the judgment for plaintiff for the return of the machines but feels that it might be well to call attention to its view that a careful reading of the decision in the *Jennings Case (supra)* indicates that possibly a prosecution might lie under section 970-a of the Penal Law, although not under section 982 thereof, where the token which the machine emits may have value other than money value.

Judgment affirmed.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.