Harry Young, Respondent, v. Theodore A. Sunderman, as Acting Property Clerk of the Police Department of the City of New York, Appellant.*

No opinion. Present — Finch, P. J., McAvoy, Martin, O'Malley and Townley, JJ.; Finch, P. J., and Martin, J., dissent and vote for reversal and dismissal of the complaint. Dissenting opinion by Finch, P. J.

Finch, P. J. (dissenting). The question presented by this appeal is an important one. If the judgment is sustained, the police will be crippled in their

* This decision was announced on March 17, 1933, and order entered, but was withheld from publication by direction of the court until April 5, 1933, when present decision, with dissenting opinion, was handed down nunc pro tunc as of date of order.— [Rep.

efforts to stop gambling by means of slot machines. The police seized two slot machines in the possession of the plaintiff and arrested the latter upon the charge of violating section 982 of the Penal Law.* Upon a trial the plaintiff was acquitted. This action to recover possession of the slot machines followed. Plaintiff has succeeded in the action, upon the ground that under the decision of *People* v. *Jennings* (257 N. Y. 196) possession of the machines in question did not constitute a violation of section 982 of the Penal Law. In that case, however, the court was considering the question of whether the defendant was guilty of the crime charged. Whatever was said by the court with respect to the character of the machines involved in that case, had reference only to the guilt of the defendant. In such case, the knowledge and intent of the defendant would be material considerations. It may well be that because of a lack of knowledge that certain machines were inherently gambling devices and a lack of intention to apply such machines to that use, a defendant from whose possession such machines were taken could not be held guilty of the crime of violating section 982 of the Penal Law. Quite another question is presented when the court is called upon to determine whether the machines in themselves are gambling devices. In the case of *People* v. *Jennings* (*supra*) the court was careful to point out that " the readiness with which an innocent contrivance may be turned into a gambling device, may be relevant and competent in moving the court not to interfere with the police." The acquittal of the plaintiff in the case at bar of the criminal charge, therefore, is not conclusive upon the question of the inherent character of the machines. In fact, by section 985 of the Penal Law it is expressly provided that it shall be the duty of the trial court, after the disposition of the case, to cause the immediate destruction of the machine, even though the defendant has been acquitted. In the case at bar the undisputed facts show clearly that the machines in question are gambling devices as defined by section 982 of the Penal Law. Said machines will emit tokens or nickels at the will of the operator by the mere insertion or withdrawal of a cotter pin, an operation consuming about two seconds. Upon the removal of the cotter pin the device concededly becomes a slot machine for purposes of gambling in every sense of the term. In *Triangle Mint Corporation* v. *Mulrooney* (232 App. Div. 783; affd., 257 N. Y. 200) it was said respecting a similar machine: " While the use of the machine, with the cotter pin inserted, may be innocent enough, save for the possibility of a storekeeper's exchanging the tokens or slugs for merchandise or cash, of which there is no proof here, the extraction of the cotter pin makes the machine a slot machine in violation of sections 970-a and 982 of the Penal Law. These machines are undoubtedly manufactured and leased for gambling purposes, with the insertion of the cotter pin as a cloak or cover therefor. The police were justified in seizing them." The decision of the Municipal Court, affirmed by the Appellate Term, clearly is erroneous. The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, with costs to the appellant in this court and in the Appellate Term, and the complaint dismissed, with costs. Martin, J., concurs.

* Amd. by Laws of 1928, chap. 543.— [REP.