**MILLS NOVELTY CO. v. FARRELL,**
Chief of Police.*
No. 411.

Circuit Court of Appeals, Second Circuit.
April 17, 1933.

*Affirming decree 3 F. Supp. 555.

Frederic J. Corbett and David Haymond, both of Hartford, Conn., for appellant.

David P. Siegel, of New York City (Charles H. Tuttle, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Appellee sued to restrain the appellant from seizing and destroying its vending machines known as the "Mills Non-Convertible Vender," used for the sale of its mints, and from arresting the possessors of such machines. The theory of the suit is that the appellee's business, which is of large proportions, is arbitrarily and wrongfully interfered with by the police officers acting under appellant's directions. The right of seizure and arrest is claimed because it is said the machines are gambling devices prohibited by sections 6318, 6324, and 6325 of the General Statutes of Connecticut (1930).

██ Section 6318 provides: "*Gaming in general.* Any person who shall play at any game elsewhere than on a public conveyance or in a reputed gaming house, for any valuable thing, shall be fined. * * * *"

This does not apply to a vending machine. Gaming as referred to in this statute must of necessity refer to gambling games and not to a legitimate vending machine.

Section 6324 is designed against the use of any slot machine as a gambling device. Section 6325 provides that an officer of the law may arrest any person whom he shall find in the possession of any slot machine used for gambling and seize such slot machine found in the possession of such person.

██ The appellee's machine is designed to sell confections—mints. It is sold or leased to dealers in confections, and the confections sold in the machines are equal in value to similar merchandise retailed in confectionery or candy stores. When a person buys mints by means of the machine, he pays no premium, but does receive in addition to the mints an insubstantial amusement feature of the machine—the amusement feature which aids in the sale of appellee's mints. The machine resembles a cash register with a lever on the side and in the front a column of packages of mints. Upon the deposit of a coin and the operation of the lever, a package of mints is released. In addition, the machine causes three cylinders to revolve at different rates of speed. Upon each of these cylinders are certain symbols and an incomplete sentence; the inscriptions on the three cylinders, however, when the cylinders cease to revolve and when these inscriptions are read together, form complete sentences of a humorous vein. The machines sometimes deliver metal tokens which have inscribed thereon "Property of O. K. Vender" and on the side, "For Amusement Only". These tokens have no cash or trade-in value, and can be used only in further amusement resulting in the humorous expressions described. If inserted in the machine and if the lever is again operated, the cylinders revolve, but no merchandise is released.

The machine may not be interfered with or changed in any way so as to convert it into a gambling machine as was the case in Triangle Mint Corp. v. Mulrooney, 232 App. Div. 783, 248 N. Y. S. 880. This machine has a stationary prong riveted to the end of the escalator head and a spring which is completely covered by a metal housing and is attached to a hole in the rear portion of the said prong so that all coins go into the cash box, and they cannot possibly be ejected from the machine. This metal housing can be removed only by the use of a hammer which would result in the destruction of the machine. Many of the machines have been sold and are in use. Similar vending machines ejecting tokens have been held by the courts in other jurisdictions not to constitute a gambling device. Ashcraft v. Healey, 23 F.(2d) 189 (C. C. A. 5); People v. Jen-

nings, 257 N. Y. 196, 177 N. E. 419; Overby v. Oklahoma City (Okl. Cr. App.) 287 P. 796. One may not suppose that a person desiring to gamble would put up money in the hope of obtaining tokens which can be used only to produce insignificant humorous sayings. The amusement feature of the machine does not make the machine a gambling device. It arouses interest and perhaps attracts customers to the machine in much the same way as advertising would, but this is lawful.

The bill of complaint and the admissions sufficiently show interference by the appellant which warrants the injunction prayed for. Iowa-Des Moines Nat. Bank v. Bennett, 284 U. S. 239, 52 S. Ct. 133, 76 L. Ed. 265; Bandini Petroleum Co. v. Superior Court, 284 U. S. 8, 52 S. Ct. 103, 76 L. Ed. 136; Smith v. Cahoon, 283 U. S. 553, 51 S. Ct. 582, 75 L. Ed. 1264.

Decree affirmed.