**MILLS NOVELTY CO. v. BOLAN, Commissioner of Police, et al.**

No. 6930.

District Court, E. D. New York.
May 15, 1933.

David P. Siegel, of New York City, for complainant.

Arthur J. W. Hilly, Corp. Counsel, of New York City (Junius P. Wilson, of New York City, and Sigmond F. Sarnowski, of Jamaica, L. I., N. Y., of counsel), for defendants.

MOSCOWITZ, District Judge.

Mills Novelty Company, the complainant herein, seeks to enjoin the commissioner of police of the police department of the city of New York, and the deputy chief inspector of the police department of the city of New York, from unlawful interference with mint venders, known as "Mills Non-Convertible Venders," owned and leased by the complainant within the city of New York and within the jurisdiction of this court.

Judge Thomas, in the case of Mills Novelty Company v. Farrell, 3 F. Supp. 555, in the United States District Court, District of Connecticut, made a final decree on March 10, 1933, perpetually enjoining and restraining the chief of police of the police department of the city of Hartford, state of Connecticut, from seizing or destroying complainant's vending machines used for the sale of complainant's mints, and from arresting the possessors of such machines, and also from intimidating the possessors of such machines. Judge Thomas, in an opinion filed March 1, 1933, in that action, decided that the machines in question are not gambling devices per se.

The decree entered by Judge Thomas was unanimously affirmed by the Circuit Court of Appeals, Second Circuit, in an opinion dated April 17, 1933, 64 F.(2d) 476, 477. The Circuit Court of Appeals decided:

"The machine may not be interfered with or changed in any way so as to convert it into a gambling machine as was the case in Triangle Mint Corp. v. Mulrooney, 232 App. Div. 783, 248 N. Y. S. 880. This machine has a stationary prong riveted to the end of the escalator head and a spring which is completely covered by a metal housing and is attached to a hole in the rear portion of the said prong so that all coins go into the cash box, and they cannot possibly be ejected from the machine. This metal housing can be removed only by the use of a hammer which would result in the destruction of the machine. Many of the machines have been sold and are in use. Similar vending machines ejecting tokens have been held by the courts in other jurisdictions not to constitute a gambling device. Ashcraft v. Healey, 23 F.(2d) 189 (C. C. A. 5); People v. Jennings, 257 N. Y. 196, 177 N. E. 419; Overby v. Oklahoma City, 46 Okl. Cr. 42, 287 P. 796. One may not suppose that a person desiring to gamble would put up money in the hope of obtaining tokens which can be used only to produce insignificant humorous sayings. The amusement feature of the machine does not make the machine a gambling device. It arouses interest and perhaps attracts customers to the machine in much the same way as advertising would, but this is lawful.

"The bill of complaint and the admissions sufficiently show interference by the appellant which warrants the injunction prayed for. Iowa-Des Moines Nat. Bank v. Bennett, 284 U. S. 239, 52 S. Ct. 133, 76 L. Ed. 265; Bandini Petroleum Co. v. Superior Court, 284 U. S. 8, 52 S. Ct. 103, 76 L. Ed. 136; Smith v. Cahoon, 283 U. S. 553, 51 S. Ct. 582, 75 L. Ed. 1264."

Judge Thomas appeared as a witness before this court and testified that the machine in this action is identical with the machine which he had before him in Mills Novelty Company v. Farrell, supra. An examination of the machine, as well as the testimony in this case, indicates quite clearly that Judge Thomas was correct in that statement.

The corporation counsel of the city of New York, representing the defendants herein, conceded that the machines in question are not gambling devices per se, as evidenced by the following which took place at the trial:

"The Court: Get back to my question which has not been answered. You say that the Police Commissioner has issued an order, that they are not going to interfere with these machines?

"Mr. Wilson: Yes.

"The Court: You make this statement in

court that he will not interfere with the machines?

"Mr. Wilson: Yes.

"The Court: That is because in your judgment, and in the judgment of the Police Commissioner, the particular machines are not a violation of law?

"Mr. Wilson: To look at them outwardly. I will answer your question, yes.

"The Court: You mean that they do not violate the law, the machines that were seized?

"Mr. Wilson: May I have time to speak to my associate?

"The Court: Yes.

"Mr. Wilson: I will say that they are not gambling machines per se."

The police commissioner, when questioned by the corporation counsel, testified as follows: "Q. Commissioner, are you cognizant that the Court of Appeals, People v. Jennings, 257 N. Y. 196, 177 N. E. 419, which in substance held that the same machine now being tried in this cause has been held to be not a gambling device per se? A. I am."

The police commissioner in his testimony recognizes the fact that the machines are not gambling devices per se.

On April 27, 1933, after the commencement of this action, the police commissioner issued the following order to the police: "Commanding officers, all commands of Boroughs, instruct members of the force under your command to refrain from seizing any slot machine that does not come within the purview of Section 982 of the Penal Law without first playing the particular machine to determine if it is or can be used for gambling purposes."

The police commissioner testified: "Q. That, Commissioner, correctly states your attitude, does it not? A. Yes."

The police commissioner testified: "I issued the order because I felt that every policeman in seizing the machines should first get the necessary evidence and determine whether or not the machine was being operated illegally and I felt in this case that they should have done it in this case."

He further testified: "Q. In other words, you agree with the complainant that there should not be wholesale seizures of these machines? A. Yes."

He further testified: "Q. As I see it, your view is the same practically as that of the plaintiff. The plaintiff is not asking that you instruct your police not to make arrests for gambling if actually done with any particular machine, the relief he is seeking, that there should not be wholesale seizures of this machine unless it can be shown that they are actually engaged in gambling; do you agree with that? A. Yes."

It appears from the police commissioner's own testimony that he frankly admitted that the police, in making wholesale seizures of the machines, did so illegally, and stated that no seizures would be made unless the machines are actually being used for gambling purposes.

On the 20th day of April, 1933, police officers of the city of New York entered the warehouse of the plaintiff corporation and seized thirty-six "Mills Non-Convertible Vender" machines which were in storage at the said location. One Hoffman, an employee of the plaintiff corporation, was arrested and subsequently discharged by one of the magistrates of the city of New York. Hoffman testified that the police officers stated that the seizures of the machines and the arrest of Hoffman were made under orders, and that, if any other machines were installed anywhere in the city of New York they would be seized by the police.

The police commissioner admitted that the seizure of these machines was illegal. Numerous seizures of the plaintiff's machines have been made at different locations within the jurisdiction of this court, and the persons in charge arrested and subsequently discharged by magistrates of the city of New York.

The Court of Appeals of the state of New York, in the case of People v. Jennings, 257 N. Y. 196, 177 N. E. 419, decided July 15, 1931, that machines emitting tokens, as in the instant case, were not gambling machines. Judge Crane, writing for the Court of Appeals in People v. Jennings, supra, stated:

"The defendant has been convicted of violating section 982 of the Penal Law * * * for having in his possession a slot machine. The evidence shows that the machine is not one of those covered by the section. It is conceded that in its operation there is no element of chance for the winning or losing of money, or any check or memoranda calling for money. By the dropping of a coin in the slot and the pulling of a lever, a candy mint falls out of the machine and a witty or funny saying appears in an upper panel. One or more metal rings of no intrinsic value may also fall out, according to combinations formed upon the turn of the lever. These rings or metals have no money value.

By their insertion in the slot, other bright or witty statements appear in the panel. The only chance connected with the operation of the machine is that wit or humor may momentarily brighten up the vacuous minds hunting amusement. In this machine age, even humor is manufactured.

"The product, however, is valueless from a monetary standpoint, perhaps, if not from any other. Section 982 of the Penal Law differs from section 970-a in certain particulars. The former section applies to the possession of slot machines, and makes it a misdemeanor to keep or maintain any machine into which may be inserted a piece of money, and from which as a result may issue 'any piece or pieces of money, or any check or memoranda calling for any money.' The latter section, 970-a, applies to the sale or lease of a slot machine, and this describes the contrivance as one from which 'may issue any piece or pieces of money, or any check or memoranda calling for any money; or any machine or device of any kind or nature by the use or operation of which there is an element of chance for the winning or losing of money or other things of value.' The words 'other things of value' do not appear in section 982. Nothing of value, or at least of money value, came out of the machine in the control and possession of the defendant in this case. The judgment of conviction for the violation of section 982 is unsupported by the evidence, and must be reversed."

It is striking that the seizures of these machines which were made in 1933 were in total disregard of the decision of the Court of Appeals in Re People v. Jennings, supra.

If I could refuse jurisdiction of this case, I would do so for the reason that I believe that this case is particularly one that the state courts should decide, as it deals with questions relating to the laws of the state of New York. However, under the law, the jurisdictional elements being present, it becomes the duty of this court to decide the questions involved.

In view of the decision made by Judge Thomas in Mills Novelty Company v. Farrell, supra, affirmed by the Circuit Court of Appeals, supra, and the decision of the Court of Appeals in People v. Jennings, supra, the stipulation of the corporation counsel that the machines are not gambling devices per se, the testimony of the police commissioner in which he too recognizes this fact, and regardless of my personal views, and being bound by the decisions of the higher courts, I have no alternative but to grant a decree in favor of the plaintiff, which decree shall not go beyond the views expressed by the police commissioner in his testimony that there should not be any seizures of "Mills Non-Convertible Vender" machines "unless it can be shown that they are actually engaged in gambling." The police are not in any wise enjoined or restrained from seizing machines which are gambling machines or gambling machines per se, or any machines operated as gambling machines or gaming devices. If any machines, including the "Mills Non-Convertible Vender" machines, are used or operated for gambling purposes, it is the duty of the police to make arrests and enforce the law, and they are not in any wise enjoined by me from so doing.

These machines eject tokens. There is no doubt that in many instances these tokens are redeemed in cash, merchandise, or something of value. This constitutes gambling. If this court could stop the use of these machines, it would do so. However, the court must follow the law; it cannot enact laws. The remedy, therefore, does not rest with this court, but with the Legislature of the state of New York, which is chargeable with knowledge of the decision of the Court of Appeals of the state of New York in People v. Jennings, supra, decided in 1931. That court decided that these machines which eject tokens are not gambling devices.

The Legislature could stop the sale and use of these machines. I regret that this court is powerless to do so.

Settle findings and decree on notice in accordance with this opinion.