### KELLEY v. KAVANAUGH, Chief of Police.
### No. 1784.

District Court, W. D. New York.
June 12, 1933.

William L. Clay, of Rochester, N. Y., for plaintiff.

Clarence M. Platt, Corporation Counsel, of Rochester, N. Y., for defendant.

KNIGHT, District Judge.

This action has been brought for an injunction restraining the defendant from seizing and destroying certain mint vending machines. Application is now made for an injunction pendente lite.

The plaintiff submits affidavits of several individuals to the effect that defendant has stated that he would immediately destroy all mint vending machines possessed in the city of Rochester, N. Y. Defendant denies that he ever made any statement to that effect, and denies any intent to seize every mint vending machine regardless of its method of operation.

Plaintiff's mint vending machine is described as of the nonconvertible type. The Circuit Court of this circuit has recently held that the nonconvertible mint vending machine of the type involved in this action is not a gambling device, and that its use is not in violation of the law. Mills Novelty Company v. Farrell, Chief of Police, 64 F.(2d) 476 (C. C. A. 2d).

Courts of equity have no power to restrain public officers by injunction from acts which they are required by law to perform. Mere apprehension of unauthorized acts by public officers will not authorize the issuance of an injunction. Proof of threatened breach of authority must be clear and convincing. This rule is specially applicable where the application for a temporary injunction is based upon affidavits. See 32 Corpus Juris, pages 240 et seq. Triangle Mint Corp. v. Mulrooney, 257 N. Y. 200, 177 N. E. 420.

While Mills Novelty Co. v. Farrell, supra, is based upon a construction of the statutes of Connecticut (sections 6324 and 6325 of the General Statutes of Connecticut), the substance of such statutes is the same as sections 970-a, 982, and 983 of the Penal Law of the state of New York (Consol. Laws N. Y. c. 40), and such decision is applicable here and binding upon this court. See People v. Jennings, 257 N. Y. 197, 177 N. E. 419. Plaintiff had the right to sell or lease his nonconvertible mint vending machine, and the defendant has no lawful right to seize any such nonconvertible machine, except upon proof that such machine is being used for gambling purposes or that the character or type has been changed into a gambling device.

Plaintiff's moving affidavit recites that the defendant "caused it to be stated in the public press that all such vending machines (miscalled and mis-named by the police authorities as slot machines) must be withdrawn from operation." Slot machines have a meaning defined in the Penal Law of New York State, section 982, supra, and the defendant was within his rights in any threat to seize slot machines, as defined in that section. The defendant asserts that he has never seen the mint vending device described in the moving papers, and that he has never made any threats to seize such machine.

In view of this denial and upon all of the proofs submitted upon this motion, the application for a temporary injunction should be denied. The presumption may be indulged in that defendant will observe the decision of the Circuit Court of Appeals and refrain from the seizure of plaintiff's nonconvertible mint vending machines pending the trial of the case. Of course, it is possible some method or means may be employed whereby the machines in question are used for gambling purposes. In that event, upon the proof that any particular machine is being used for gambling purpose, defendant, not only has the right, but it is his duty, to seize such machine and arrest the person in possession thereof.

This memorandum is written as applicable only to the pending motion and is not intended to prejudge any determination on the trial at which the witnesses will appear in open court.

Motion denied.