CORNELIUS KEARNEY, Appellant, *v.* THE CITY OF ELMIRA and Another, Respondents.

FRANCIS ACKER, Appellant, *v.* THE CITY OF ELMIRA and Another, Respondents.

Third Department, June 30, 1933.

*Richard S. Heller,* for the appellants.

*Herschel L. Gardner* [*Harry Moseson* of counsel], for the respondents.

RHODES, J. Separate actions were brought by the plaintiffs against the defendants herein to recover possession of certain slot machines. The actions were brought in the City Court of Elmira, resulting in a dismissal of the complaint as against the city and judgments against the defendant chief of police, in favor of the plaintiffs, which judgments were reversed and a new trial granted upon appeal to Chemung County Court, and from said judgments of reversal the appeals herein are taken. The cases were tried together upon the same record, and the issues presented are identical.

Plaintiffs were arrested charged with the violation of section 982 of the Penal Law, and at the time of their arrest the defendant chief of police seized two mint vending machines, one being in the possession of each plaintiff. Plaintiffs were discharged under said complaints and thereupon brought these actions to recover possession of the said machines.

The machines were identical with the type of machine described in *People* v. *Jennings* (257 N. Y. 196). The testimony discloses that the plaintiffs had not used the machines for gambling purposes. Evidence was excluded which was offered for the purpose of showing that the machines could easily be converted into gambling devices. The reversal by the learned County Court and the granting of a new trial was upon the theory that the exclusion of this evidence was erroneous.

In *People* v. *Jennings* (*supra*) the defendant was convicted of violation of said section 982 of the Penal Law for having in his possession a slot machine. It there appeared that the machine had not been used as a gambling device while in the possession of the defendant although evidence was introduced showing that it could easily be converted into such device. On appeal to the Court of Appeals the conviction was reversed. The court said: " The case against him cannot be upheld by evidence of what might have been done. Sufficient unto the day is the evil thereof." Similarly it seems to me that the important question here is not what the plaintiffs might have done with the machines, but what they actually did with them. Said section 982 of the Penal Law makes it a misdemeanor for any person to have in his possession a machine or device " into which may be, or might have been, inserted any piece of money or other object, and from which, as a result of such insertion * * * may issue, or might have issued, any piece or pieces of money, or any check or memoranda calling for any money, and which machine, apparatus or device is commonly known as a slot machine."

Section 983 provides that "it shall be the duty of every officer authorized to make arrests to seize every machine, apparatus or device *answering to the description contained in the last section.*"

Section 984 directs the magistrate before whom any such machine is brought to deliver it to the district attorney to be used as evidence if there be a prisoner. If there be no prisoner or if the prisoner be not held, the magistrate must cause the immediate destruction of the machine.

Section 985 directs the trial court, after the disposition of the case, and whether the defendant be convicted, acquitted or fails to appear for trial, to cause the immediate destruction of the machine.

A reading of these sections indicates that they relate to machines which are actual gambling devices, rather than those not used as gambling devices but which are capable of being converted into such. If the machines were gambling devices, then their possession was a misdemeanor and the statute authorizes their destruction;

otherwise not. (*Young* v. *Sunderman*, 144 Misc. 3; affd., —— App. Div. ——.)

The learned county judge suggests in his opinion that slot machines have caused the police of nearly every municipality trouble, and on this appeal the evils flowing from the distribution and use of slot machines are emphasized. The difficulty is that the machines in question, as actually used by the plaintiffs, were harmless. Like nearly all harmless objects, they doubtless may be perverted to evil uses. When thus perverted, the proof thereof should not be difficult to obtain.

There being no proof that the machines were actually gambling devices, or used as such, the statute does not authorize their destruction. Hence, their use in the manner proved, not being forbidden by statute, and they, so far as shown, having been used by plaintiffs in a lawful manner, there appears to be no reason why plaintiffs are not entitled to the return of their property. (*Young* v. *Sunderman, supra.*)

The judgments of the County Court should be reversed, with costs and the judgments of the City Court be reinstated.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgments of the County Court reversed, on the law and facts, with costs in one appeal; and judgments of the City Court reinstated.