THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DANIEL J. WERTHEIMER, Appellant.

County Court, Monroe County, August 4, 1934.

*Charles E. Bostwick* [*Ira H. Morris* and *Joseph Kaufman* of counsel], for the appellant.

*Ray F. Fowler, District Attorney* [*Leland R. Yost* of counsel], for the respondent.

LYNN, J. This is an appeal from a judgment convicting the defendant of possessing slot machines, in violation of section 982 of the Penal Law. At the outset the district attorney raises the question of the validity of the appeal because the same was not allowed by a judge of this court, as provided by sections 751 and 752 of the Code of Criminal Procedure. The appeal was taken merely by filing, three days after the conviction, with the clerk of the court in which the conviction was had, notice of appeal to

this court. The objection raises the interesting question — passed on only once by the courts of the State, apparently — whether a defendant may appeal from a judgment of conviction of a Court of Special Sessions as of right under section 520 of the Code of Criminal Procedure, or can only take such an appeal if permitted by a judge of the appellate court, as provided by sections 751 and 752 above referred to.

The exact question was argued before the County Court of the county of Westchester in the case of *People* v. *Pettet* (143 Misc. 704), where Judge Coyle of that court examines the question quite thoroughly and holds that an appeal taken without allowance was a nullity.

With all respect to the reasoning of this opinion, I am unable to follow it. It is my opinion that section 520 was intended by the Legislature to establish a uniform practice for all appeals in criminal cases. The first sentence in section 520 is as follows: " All appeals provided for in this chapter may be taken as a matter of right." Then appears the following: " Every person convicted in a criminal action or proceeding shall have the right to have such judgment of conviction or order reviewed on appeal by an appellate tribunal as herein provided, but there shall be only one such appeal." And subdivision 2 is as follows: " Elsewhere than in the city of New York, such appeals shall be taken as follows: From a conviction by a court of special sessions, police court, police magistrate, or justice of the peace to the county court of the county in which the conviction was had." Section 521 provides that the appeal must be taken within thirty days; and section 522, entitled " Appeal, how taken," reads as follows: " An appeal must be taken by the service of a notice in writing on the clerk with whom the judgment-roll is filed, stating that the appellant appeals from the judgment."

In the case cited, Judge Coyle says: " In so far as section 752 gives to the judge to whom the application is made discretion, such section is superseded by section 520. What was a judicial act * * * becomes a ministerial act."

Assuming, without conceding, that the Legislature has any power to assign ministerial duties to a court or judicial officer, I think the words of the statute do not permit such an interpretation. The words of section 752 are as follows: " If, in the opinion of the judge, it is proper that the question arising on the appeal should be decided by the county court, he must endorse on the affidavit an allowance of the appeal to that court." Then, obviously, if he is of the opinion that it should not be reviewed, it would be his duty to disallow the appeal. Yet that would be leaving a person

entirely outside of the protection of section 520 so expressly warranting him the right to appeal. The fact is that sections 751 and 752 in this regard remain the same as they have been for years, and sections 520 *et seq.* were manifestly intended to take their place.

The appeal in the case at bar was taken exactly in conformity with sections 520, 521 and 522, and it is my opinion that the case is properly before this court.

As to the merits of the case, I think a question of fact was presented for the determination of the jury, and that no error was committed which would warrant the reversal of the judgment. I have read the record carefully and do not find any substantial error in the rulings upon the evidence, nor in the charge of the court. Some confusion was created by the requests to charge, but, on the whole, I think the court clearly submitted to the jury the questions of fact upon which they were to pass.

Appellant's counsel cites the case of *People* v. *Jennings* (257 N. Y. 196)* upon their claim that a wire tieing the key to the machine had to be removed and coins inserted in the machine before it would properly work; that, therefore, the machines were not, in their then condition, such as defined by the statute.

I think the case cited is clearly distinguishable from this case. There a machine which was legal could be transformed into a machine which was illegal, which, however, has not been done. In the case at bar there was no transformation required. The machines here were manufactured for the purpose of doing that which under the statute is illegal. The mere fact that a wire had been (apparently only on some of them) so attached that it had to be removed so that the machine could work at all, did not make of those machines a legal machine within the statute.

The judgment of conviction must be affirmed.

---

* See Penal Law, §§ 972, 982, as amd. by Laws of 1934, chap. 317.