THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
G. LEROY TRAVER, Appellant.

County Court, Jefferson County, April 27, 1939.

*Melvin F. Kinkley* [*Wesley L. Waite* of counsel], for the appellant.

*Lawrence R. Ormiston, Corporation Counsel,* and *Carl J. Hynes, District Attorney,* for the respondent.

DONALDSON, J. This is an appeal from an order made by the City Court of Watertown directing the destruction of a so-called pin-ball machine known as " Ascot Derby."

It appears from the argument of both counsel on the appeal that the appellant was tried before the said City Court and a jury upon a charge of violating section 982 of the Penal Law. The defendant was acquitted. Whereupon an order was made by the court directing the destruction of said machine pursuant to the provisions of section 985 of the Penal Law reading as follows:

" It shall be the duty of the trial court, after the disposition of the case, and whether the defendant be convicted, acquitted or fails to appear for trial, to cause the immediate destruction of the machine, apparatus or device."

The words " whether the defendant be convicted, acquitted or fails to appear for trial," contained in that section, are significant. The statute is mandatory. Its language is clear.

The jury refused to convict the defendant, a respected business man of Watertown for many years. It is conceded that machines of this character had been allowed to be operated in a large number of public places in Watertown for a long period of time. There was no attempt to conceal this fact and their existence was well known to the authorities. Without any warning, these business places were raided, the machines taken into possession of the police and the proprietors arrested. In all probability, it was because of this procedure, rather than the failure of the prosecuting

counsel to produce ample evidence of the violation of section 982 of the Penal Law, that the jury refused to brand the business men in this and several similar cases as criminals.

Prior to the amendment of section 982 in 1934 by which the language aimed at these pin-ball machines was inserted, only machines " actually gambling devices " or " actually used as gambling devices " violated the section. (*Kearney* v. *City of Elmira*, 238 App. Div. 678.)

It was the duty of the city judge to determine the character of this machine. He was not restricted to the narrow language " gambling device " but was required to determine whether or not the machine violated section 982 of the Penal Law. He found that it did. With that determination I agree.

An inspection of the machine discloses a slot for the insertion of a coin. The price for operating it is stated on the machine to be five cents. After the ball leaves the plunger, the player loses all control of it and the ball is certain to encounter springs and other obstructions which change its direction. The place where the ball finally comes to rest is " unpredictable to " the operator. There may be some element of skill by reason of experience gained from playing the machine many times but in my opinion the element of chance far outweighs the element of skill. This is not controlling, however, because unquestionably the operator cannot possibly predict the outcome. The numbers painted on the machine and the words " free games " mean but one thing; that is, the operator is entitled to " additional chances or rights to use such machine."

There are many other appeals pending before this court involving various types of machines. Some of the machines may not violate section 982. However, in my opinion all machines of this character do violate the section for the reasons herein stated.

Appellant apparently does not question the right of the City Court to order the money contained in the machines paid to the city treasurer for the benefit of the poor account, provided the destruction is legal.

The order of the City Court of Watertown is affirmed.