The plaintiff has brought this action to recover of the defendant the contract price of a "free play" pinball machine sold and delivered to the latter on August 24, 1953, in the agreed amount of $448.05. The defendant concedes the sale to him of the machine in question but resists payment on the ground that the state's attorney for Fairfield County has given an opinion that the use of such a machine is violative of law. Hence the defendant takes the position that the use of the machine by customers in his store would subject him to arrest and prosecution. He seeks exoneration from payment on the theory that the subject matter of the sale when put to use is illegal and that the contract is unenforceable in law. He is willing to permit the plaintiff to take back the machine if payment is waived. For its part the plaintiff stands on the contract of sale. *Page 499 
It is fundamental that a legal sale gives rise to contractual obligations between the parties thereto which are enforceable. However, a contract in violation of a statute or contrary to public policy is not enforceable in the courts of Connecticut. Ciampittiello
v. Campitello, 134 Conn. 51, 55. This rule represents the weight of authority. 12 Am. Jur. 652 § 158, 662 § 167.
The determinative question in the case, therefore, is whether the use of the machine which is the subject matter of the sale would be violative of the Connecticut statutes against gambling (General Statutes §§ 8655, 8656) or would otherwise contravene public policy. Counsel have joined in a comprehensive stipulation of facts regarding the manner of use of the machine and the method of operation by a player. The stipulation is now made an official part of the file for reference purposes. It is to be particularly noted that the very most that a successful player in the exercise of skill can obtain is a "free play" without payment of an additional coin.
As pointed out in the able brief of the plaintiff, the leading case in this country on the legal attributes of a machine of this character is WashingtonCoin Mach. Assn. v. Callahan, 142 F.2d 97. The penetrating opinion therein of Chief Justice Groner of the United States Court of Appeals for the District of Columbia is deemed to be the decisive answer to the question presented in the case at bar. It clearly warrants the entry of a judgment for the plaintiff. The scope of the federal statute there considered is strikingly similar to the Connecticut statutes. See also Mills Novelty Co. v. Farrell, 3 F. Sup. 555
(United States District Court for the district of Connecticut), aff'd, 64 F.2d 476. That these two cases concern injunctive relief against arrest sought and obtained by owners of machines resembling the one here in question, the first as against an assistant *Page 500 
superintendent of metropolitan police of Washington, D.C., and the second as against the chief of police of Hartford, Connecticut, are of particular significance when applied to the precise problem at bar. Under no theory can the machine in question be said to be a "gambling machine per se." Cf. State
v. Cieri, 128 Conn. 149, 151. The stipulation by counsel regarding the manner of use and the method of operation of the machine, with the element of a free play and no more which may be obtained by a player who has exercised skill in its manipulation, when considered against the background of the law stated in the federal cases cited, precludes a conclusion that the use of the machine would be violative of the Connecticut statutes (§§ 8655, 8656) or would be in contravention of public policy.
 Consequently, the plaintiff is held entitled to recover of the defendant the full purchase price of the machine in the amount of $448.05 with interest thereon of 6 per cent per annum from August 24, 1953, to date. Such interest is computed to be $58.25. Judgment may so enter for the plaintiff in the total amount of $506.30 plus taxable costs.