**John MASTERS, Respondent,**

v.

**KANSAS CITY, Missouri, a Municipal Corporation and Bernard Brannon, Appellants.**

**No. 22435.**

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1956.

Benj. M. Powers, City Counselor, Frank O. Benson, Asst. City Counselor, Kansas City, for appellants.

J. K. Owens, Kansas City, for respondent.

BROADDUS, Judge.

This is an appeal by defendants Kansas City, Missouri, and Bernard Brannon, Chief of Police of said city, from a judgment declaring a certain ordinance of Kansas City void and unenforceable.

The plaintiff, John Masters, is the owner of pinball machines which he has placed in restaurants, taverns and other places of business in Kansas City.

The ordinance here involved reads as follows:

Section 11–18.1. "Any coin operated machine, or device, which is capable of being played, used, or operated a single time by the insertion therein of more than one coin, disc, or other insertion piece, for the purpose of increasing the probabilities of the player, user, or operator thereof winning free plays or free games thereon, or for the purpose of increasing the number of free plays or free games which may be won thereby, is hereby declared to be a public nuisance when kept or maintained in any tavern, restaurant, store or other place of public resort.

"It shall hereafter be unlawful for any person, firm or corporation to keep, maintain, possess, or have under his or its control in any tavern, restaurant, store or other place of public resort within the corporate limits of the city, either as owner, lessee, agent, employee, mortgagee, or otherwise, any machine or device of the type herein described, and each day's violation of the provisions of this section shall constitute a separate and distinct offense."

The circuit court held that "a machine or device on which there is only free games. to be won is not a gambling device and is not a nuisance per se"; and that defendant Kansas City "has no power by ordinance to declare that to be a nuisance which is not so in fact, or to suppress in part or in toto business within it's limits which is not a nuisance per se."

According to the evidence, a pinball machine consists of a playing table with lights and holes. The table slopes gently toward the player. Across the upright back of the table are electrically lighted "cards", having a series of numbers thereon. The player inserts a "nickel", in the machine in order to obtain five balls with which to play, the object being, by manipulating a plunger, to drop the balls into numbered holes on the playing surface which correspond with the number on the cards on the back of the machine. If the player's score totals a certain amount he is entitled to one or more "free plays" but *nothing more.*

Many courts have held that pinball machines giving free games by chance are not illegal. The Springfield Court of Appeals. in a well considered opinion by the late Judge Vandeventer so held. See State v. One "Jack and Jill" Pinball Machine, Mo. App., 224 S.W.2d 854. Some of the cases to the same effect from other jurisdictions are: Davies v. Mills Novelty Co., 8 Cir., 70 F.2d 424; Washington Coin Machine Ass'n v. Callahan, 79 U.S.App.D.C. 41, 142 F.2d 97; Mills Novelty Co. v. Farrell, 2 Cir., 64 F.2d 476; State v. Waite, 156 Kan. 143, 131 P.2d 708, 148 A.L.R. 874; State v. One Bally Coney Island, 174 Kan. 757, 258 P.2d 225; Crystal Amusement Corp. v. Northrop, 19 Conn.Sup. 498, 118 A.2d 467; Gayer v. Whelan, Cal.App., 138 P.2d 763.

As said in the Davies case, supra [70 F.2d 426], "These machines are lacking in the essential elements necessary to make of them gambling devices or gambling machines. There is no element of gain or loss, financial or otherwise, involved in the transaction."

And in the Washington Coin Machine Ass'n case, supra [79 U.S.App., D.C. 41, 142 F.2d 99], this language appears: "Whatever inducing motive may actuate the restless, the idle or the curious to spend their time in this silly form of amusement, it certainly is not the gambling instinct, nor is it the incitement to gain by chance, any more than is the game of solitaire."

Our courts have held that a city has no right by ordinance to make that a nuisance which is not in fact a nuisance. City of St. Louis v. Heitzeberg Packing Provision Co., 141 Mo. 375, 42 S.W. 954, 39 L.R.A. 551; Kays v. City of Versailles, 224 Mo. App. 178, 22 S.W.2d 182. As stated in many of our decisions "a city has no power to declare that to be a nuisance which is not so at common law or by statute." City of Sturgeon v. Wabash Ry. Co., 223 Mo. App. 633, 17 S.W.2d 616, 618; Union Cemetery Ass'n v. Kansas City, 252 Mo. 466, 161 S.W. 261; City of St. Louis v. Dreisoerner, 243 Mo. 217, 147 S.W. 998, 41 L.R.A.,N.S., 177; State ex rel. Jack Frost Abattoirs v. Steinbach, Mo.App., 274 S.W.2d 588, 591.

In 39 Am.Jur. p. 287 it is said: "Public nuisances always arise out of unlawful acts, and that which is lawful * * * cannot be a public nuisance."

The court below reached the right conclusion.

The judgment is affirmed.

All concur.