### EVENING HERALD CO. v. KILMER et al.

(Supreme Court, Appellate Division, Third Department.   May 5, 1915.)

PLEADING &#x25C8;&#x21DD;317—BILL OF PARTICULARS—CONSPIRACY.

    Where the complaint alleged a conspiracy by the defendants to injure plaintiff's newspaper by depriving it of business, defendants' application for a bill of particulars, seeking in part to ascertain who did the wrongful acts and upon whom the alleged improper influences were exerted, was improperly denied as to such part, although the object of a bill of particulars is not to disclose the names of witnesses; the defendants had the right to inquire the names of their agents and servants alleged to have committed the acts, and also those upon whom such acts were alleged to have been committed, even though plaintiff could prove its allegations only by calling the persons named as witnesses.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. &#x21DD;317.]

Appeal from Special Term, Broome County.

Action by the Evening Herald Company against Willis Sharpe Kilmer and another.   From an order denying in part defendants' motion for a bill of particulars, they appeal.   Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Curtiss, Keenan & Tuthill, of Binghamton (William Nottingham, of Syracuse, of counsel), for appellants.

Stanchfield, Lovell, Falck & Sayles, of Elmira, for respondent.

JOHN M. KELLOGG, J.   The complaint alleges a conspiracy by the defendants and Jonas M. Kilmer, now deceased, to deprive the

plaintiff's paper of patronage and business and to confer the same upon the defendants' paper, the Binghamton Press. In paragraphs of the complaint numbered from 20 to 36 plaintiff alleges various transactions from January, 1904, to October, 1910, between the defendants, their co-conspirators, agents, and servants, and the subscribers, advertisers, news agents, newsboys, employés, and others serving the defendants, by which it is alleged the plaintiff's business was destroyed to its damage of $500,000. The court granted a bill of particulars in many respects, otherwise denying it.

The defendants' alleged grievance is that as to each of the specifications it does not appear who did the wrongful act or upon whom the wrongful or improper influence was exerted; the court evidently having in mind that the object of a bill of particulars is not to disclose the names of witnesses. That proposition must be conceded to every reasonable extent, but when it is alleged that the defendants, their agents and servants, did certain acts, the defendants have the right to inquire the names of the alleged agents and servants who committed the acts, and when it is alleged that the defendants, their agents or servants, exerted an improper influence upon various subscribers, advertisers, employés, newsboys, or news agents, a bill of particulars may properly require the names of the persons upon whom such influence was exercised. The object of a bill of particulars is to make the pleadings reasonably certain and to prevent surprise upon the trial. If some employé of the defendant wrongfully induced a patron of the plaintiff to discontinue his patronage, the requirement that the name of the employé who exercised the improper influence, and the name of the person influenced, be stated, would not necessarily divulge the name of the witnesses by whom the plaintiff is to prove the fact. Where the complaint is entirely indefinite as to the persons exerting the wrongful influence, and also as to the persons influenced, particulars may properly be required. If the plaintiff cannot prove the allegation except by calling the persons named as witnesses, that fact is not an objection to the motion. The order as made should therefore be modified by requiring particulars as follows:

(1) Referring to paragraph 20 of the complaint, the names and residences of the persons who interviewed and induced the advertisers to withdraw their advertisements from the plaintiff's paper as alleged in the complaint, and the names and residences of the advertisers so interviewed and induced.

(2) Referring to subdivision 21 of the complaint, the names and residences of each advertising patron of the plaintiff who was prevailed upon, coerced, and induced to discontinue the Evening Herald as alleged, and the name of each employé of the Binghamton Press who was instructed to refrain from patronizing those who advertised in the plaintiff's paper.

(3) Referring to paragraph 23 of the complaint, the names and residences of the new employés referred to.

(4) Referring to paragraph 25 of the complaint, the names and residences of the subscribers and patrons induced, as alleged, to discontinue their subscriptions.

(5) Referring to paragraph 29 of the complaint, the name and residence of each newsboy referred to and of each newsboy to whom a bonus was paid as alleged, and the amount thereof.

(6) Referring to paragraph 32 of the complaint, the names and residences of the plaintiff's employés who were by the defendants enticed or sought to be enticed from the plaintiff's service as alleged.

(7) Referring to paragraph 16 of the complaint, state when and how, and the person by whom, Jonas M. Kilmer caused the plaintiff and said Beardsley to be notified as alleged.

(8) Referring to paragraph 17 of the complaint, the name and residence of the emissary or agent alleged to have been sent by Jonas M. Kilmer to said Beardsley.

(9) Referring to paragraph 22 of the complaint, the name and residence of each subscriber and patron interviewed and solicited as alleged, and the names and residences of persons to whom valuable prizes and inducements were offered, and what the said prizes and inducements were.

(11) Referring to paragraph 31 of the complaint, the names and residences of the agents and representatives of the defendants who induced the agents and employés of the common carriers to decline service to the plaintiff as alleged.

(12) Referring to paragraph 34 of the complaint, the name and residence of the person who offered a large sum of money to the news agency to refuse to serve plaintiff longer, and the name of such agency.

(13) Referring to paragraph 35 of the complaint, the names and residences of the persons who resorted to the unlawful and unfair means alleged.

And as so modified the order is affirmed, with costs to appellant to abide the event. All concur.