(172 App. Div. 687)

## EVENING HERALD CO. v. KILMER et al.

(Supreme Court, Appellate Division, Fourth Department. April 19, 1916.)

DISCOVERY ☞61—EXAMINATION BEFORE TRIAL—VACATION OF ORDER.

Where the order to plaintiff to furnish bill of particulars read that, if plaintiff had no knowledge as to any of the particulars, he should state such lack of knowledge under oath, and where, for the most part, the particulars related to matters capable of ascertainment by plaintiff from parties within its control, such as its servants and patrons, an order for the examination of defendants before trial, the principal object of which was to enable plaintiff to furnish the bill of particulars, will be vacated.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. ☞61.]

Appeal from Special Term, Broome County.

Action by the Evening Herald Company against Willis Sharpe Kilmer and another. From an order modifying an order for the examination of the defendants before trial, both parties appeal. Order reversed, and motion to vacate the order for defendants' examination granted.

See, also, 167 App. Div. 399, 153 N. Y. Supp. 121.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MER-RELL, and DE ANGELIS, JJ.

Halsey Sayles and Stanchfield, Lovell, Falck & Sayles, all of Elmira, for plaintiff.

William Nottingham, of Syracuse, and Theodore R. Tuthill and Curtiss, Keenan & Tuthill, all of Binghamton, for defendants.

PER CURIAM. The action is for damages for conspiracy to injure and destroy the business of plaintiff by founding for that purpose a rival newspaper in plaintiff's field, and enticing away plaintiff's subscribers, advertisers, patrons, and employés. On affidavits tending to show that defendants were ignorant as to certain alleged specific acts of defendants and their agents in furtherance of such conspiracy, the court ordered plaintiff to furnish a bill of particulars, among other things, as to the time when defendant sent an emissary to plaintiff's president with a proposition looking to the abandonment of such conspiracy and the name of such emissary, and the names of the several employés, subscribers, and patrons of plaintiff whom defendants had solicited to leave plaintiff's employ, or discontinue their subscription to plaintiff's newspaper, or discontinue their advertising patronage.

The order for a bill of particulars was, to some extent, modified at Special Term, but on defendants' appeal was restored to its original form by the Appellate Division in the Third Department. Evening Herald Co. v. Kilmer et al., 167 App. Div. 399, 153 N. Y. Supp. 121. Instead of complying with the order, plaintiff, on affidavit of its president that plaintiff would be unable to give the particulars and that plaintiff desired the testimony for use upon the trial, procured an order for the examination of defendants before trial in reference to all the matters above specified and some others to which reference need not be made here. This order was modified by the Special Term, on defendants' motion to vacate it, by eliminating some of the subjects of examination other than those above mentioned, and both parties have appealed from such order of modification; plaintiff claiming that the order should stand as originally made, and defendants that it should be wholly vacated.

We think that the order should not stand, and that a case was not made entitling plaintiff to examine the defendants before trial upon the subjects specified in the order. Plaintiff was ordered to give the bill of particulars, because defendants by their affidavits satisfied the court that defendants were ignorant of the particulars which plaintiff was ordered to furnish. For the most part, these particulars relate to matters which are entirely capable of ascertainment and proof by plaintiff from the several former employés, subscribers, and advertising patrons of plaintiff. We think an examination of defendants is not necessary to enable plaintiff to comply with the order for a bill of particulars, for that order, in effect, requires plaintiff to furnish only such particulars as it has knowledge of. The concluding sentence of the order is as follows:

"It is further ordered that, if the plaintiff has no knowledge with reference to any of the foregoing particulars, it shall state such lack of knowledge under oath in lieu thereof."

This clause of the order, we think, entirely relieves plaintiff from the necessity of giving any particulars, except such as are within the knowledge or information of its officers, or such as it can, acting in good faith, obtain from sources other than an examination of the defendants. If plaintiff complies in good faith with the order in so far as it can do so, and states under oath its inability to comply further, then we think it has performed its full duty under the order, and that it cannot be penalized for want of fuller compliance.

The principal object of the examination seems to be to enable plaintiff to furnish the bill of particulars. As it does not seem to be necessary for that purpose, we think the order should be wholly vacated, to the end that if plaintiff, after furnishing the bill of particulars, still desires to take the deposition of defendants for use upon the trial, the proper scope and limits of such an examination, if one is proper or necessary, may be better determined.

The order appealed from should be reversed, with $10 costs and disbursements to defendants, and the motion to vacate the order for defendants' examination should be granted, with $10 costs, without prejudice to an application by plaintiff, if so advised, to take the depositions of defendants for use upon the trial after plaintiff has complied with the order for a bill of particulars.