Florence Drake, Respondent, *v.* August Herrman, Defendant, and Inecto, Inc., Appellant.

(Argued January 9, 1933; decided April 11, 1933.)

*Harold J. Hinman* and *Murray Hulbert* for appellant. The review of the order is more than a review of discretion; it involves the issue of confiscation of property. (*Park & Sons Co.* v. *Hartman,* 153 Fed. Rep. 24; *Forster* v. *Scott,* 136 N. Y. 577; *Tabor* v. *Hoffman,* 118 N. Y. 30; *Tetlow* v. *Savournin,* 15 Phila. 170; *Moxie Nerve Food Co.* v. *Beach,* 35 Fed. Rep. 465; *Huessner* v. *Fischel & Marks,* 281 Penn. St. 537; *Karr* v. *Inecto, Inc.,* 247 N. Y. 360.) An examination as to the preparation and sale of defendant-appellant's product, particularly as to the supervision by a pharmacist or druggist of the manufacture thereof, is improper and illegal. (*People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253.)

*Melvin Kleeblatt* for respondent. The questions certified are improper in that the appeal is prematurely brought. (*Heit & Weisenthal, Inc.,* v. *Licht,* 218 App. Div. 753; *Niehoff* v. *Star Co.,* 134 App. Div. 473; *Matter of Sayre,* 70 App. Div. 329; *Matter of Davies,* 168 N. Y.

89.) The claim that the examination deprives the defendant-appellant of its property without due process of law is untenable. (*People* v. *Adirondack Ry. Co.*, 160 N. Y. 225; *Matter of Davies*, 168 N. Y. 89; *Meyer Bros., Inc.*, v. *Higgins*, 232 App. Div. 783; *People* v. *Johnson*, 185 N. Y. 219; *Holden* v. *Hardy*, 169 U. S. 366; *Ives* v. *So. Buffalo Ry. Co.*, 201 N. Y. 271.) The propriety of and the need for the proposed examination is unquestionable. (*Herbage* v. *City of Utica*, 109 N. Y. 81; *Middleton* v. *Boardman*, 240 N. Y. 552; *Brown* v. *Shyne*, 242 N. Y. 176; *Martin* v. *Herzog*, 228 N. Y. 164.)

O'BRIEN, J. Defendant Inecto, Inc., manufactures by a secret formula a hair dye alleged in the complaint to be inherently dangerous and to have injured plaintiff by its application to her scalp, eye lashes and eyebrows. After joinder of issue plaintiff served notice upon defendant that its testimony before trial would be taken at a certain time and place. The notice specified that the matters, among others, upon which defendant would be examined relate to the chemicals, poisons, drugs and other ingredients and their percentages used in the product and also to its preparation particularly in respect to the supervision of its manufacture by a pharmacist or druggist. Upon affidavit by one of defendant's officers an order to show cause why the notice of examination should not be vacated was issued. In an answering affidavit, plaintiff's counsel conceded, if defendant would give testimony concerning ingredients and component parts, that production of the formula would not be necessary. The Special Term limited the scope of the examination but denied the motion to vacate and directed the examination to proceed. It incorporated in its order a ruling that disclosure of the secrets of preparation will not be required and that plaintiff will be held to her counsel's concession as set forth in his answering affidavit. As we read the order, defend-

ant must submit to examination in respect to such matters as relate to ingredients and their component parts but it is not obliged to divulge information respecting specific methods of preparing the formula, such as percentages or proportions or the process of compounding the ingredients. The Appellate Division affirmed the order and certified questions to this court.

Taking of testimony before trial is governed by sections 288, 289, 290 and 294 of the Civil Practice Act and, according to this statute, such testimony must be material and necessary. If facts are alleged from which an inference of materiality and necessity may be drawn, the disposition of a motion concerning the taking of testimony is ordinarily included within the discretionary power of the Supreme Court and we will not interfere. (*Middleton* v. *Boardman*, 240 N. Y. 552.) However, since the Appellate Division has allowed an appeal in this case and has certified questions of law for review, the presumption is that its determination was made upon the merits. (*Matter of Davies*, 168 N. Y. 89.)

Without proof of the presence of inherently dangerous and poisonous ingredients in this product, plaintiff's cause of action, as alleged, must fail. (*Karr* v. *Inecto, Inc.*, 247 N. Y. 360.) If evidence tending to support the allegations of the complaint can be obtained only by examination of defendant and if the motion papers tend in any reasonable degree to show such a fact, we cannot hold as matter of law that an examination is not necessary. However, giving to section 288 the liberal interpretation to which it is entitled, a burden is cast upon the party seeking the examination to produce some evidence that the proof required on the trial of such an action as this wherein the secrecy of property rights may be endangered, cannot otherwise be obtained. If other methods are available, examination of defendant is not necessary. We cannot find that this record contains any-

thing reasonably leading to an inference that other sources are unavailable. Defendant argues in its brief that, if, in fact, its product contains poisonous ingredients, such a fact can be ascertained by analysis and plaintiff does not challenge that assertion. On the oral argument in this court defendant's counsel conceded that analysis will not wholly reveal the process of manufacture. If analysis will divulge all the ingredients but not the process of manufacture, plaintiff cannot be said to have a right, based upon necessity, to examine defendant respecting the presence of these ingredients.

This formula is property (*Tabor* v. *Hoffman*, 118 N. Y. 30, 34), and if the secret compound contains nothing except harmless ingredients and its alleged injurious effect upon plaintiff was due to her idiosyncrasy, then defendant's property right is entitled to preservation. Generally, disclosure of legitimate trade secrets will not be required except to the extent that it appears to be indispensible for ascertainment of the truth. (4 Wigmore on Evidence [2d ed.], § 2212; *Huessener* v. *Fishel & Marks Co.*, 281 Penn. St. 535.) There can, of course, be no legal sanction for the circulation of poison throughout the community and if this product does include inherently dangerous substances, the secrecy of its manufacture ought not to be protected. Examination before trial, notwithstanding the limitation in the order, may, however, and probably will have a tendency to disclose not only the ingredients, which may be entirely harmless to the normal person, but it may also uncover other facts which might lead to destruction of valuable property rights in defendant by their transfer, through such a publication, to trade rivals. On this record there is a total lack of evidence bearing upon any necessity for an examination and, therefore, the courts below were without discretionary power to order it.

We interpret the third certified question as concrete and

referring to the propriety of the order as based on the record before us and not as an abstract question.

The order of the Appellate Division and that of the Special Term should be reversed with costs to appellant in all courts and the motion to vacate notice of examination granted, with ten dollars costs. The third question certified should be answered in the negative. The other questions are not answered.

POUND, Ch. J. (dissenting). The order is a discretionary one. The questions certified are general in their character and do not raise the question of the sufficiency of the moving papers in the pending case. The first two questions do not necessarily arise before the hearing. The last question certified " will admit of one answer under one set of circumstances, and a different answer under another." We have quite recently dismissed an appeal in a case where the generality of the question did not permit the answer " yes " or " no." (*McGowan* v. *Metropolitan Life Ins. Co.*, 259 N. Y. 454.) The same principle applies here.

The appeal should be dismissed.

CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur with O'BRIEN, J.; POUND, Ch. J. votes to dismiss in a memorandum in which CROUCH, J., concurs.

Ordered accordingly.