AMERICAN SEAL-KAP CORPORATION and AMERICAN SEAL-KAP CORPORATION OF DELAWARE, *v.* SMITH LEE Co., INC., and Others.

Supreme Court, Queens County, January 10, 1935.

*Edwards & Smith* [*Thomas E. Dewey* of counsel], for the plaintiffs.

*MacKenzie, Smith & Michell* [*Basil B. Aylsworth* of counsel], for the defendants.

LOCKWOOD, J. The plaintiffs are manufacturers of waxed paper cover-all caps for milk bottles and food receptacles, with a plant in Long Island City. The corporate defendants are engaged in the same business in Oneida, Madison county, N. Y.

This action is to restrain the defendants from further using or disclosing certain trade secrets alleged to have been surreptitiously obtained from the defendants Kempe and Van Horn, former employees of the plaintiffs, and appropriated by the corporate defendants, and for an accounting of any and all profits which the

defendants have made by the use of the trade secrets thus obtained. The complaint alleges that the secret methods, processes and machinery which have been wrongfully disclosed to, and appropriated by, the corporate defendants were developed by the plaintiffs after many years of experimentation and at large expense. Issue has been joined and the material allegations of the complaint denied.

There are two motions before the court — one made by the defendants for a bill of particulars of the complaint; the other by the plaintiffs for an examination before trial of the individual defendants, and of the corporate defendants by their officers, general manager, plant manager, foreman, chemist and for a discovery and inspection of the defendants' books and records.

A motion made by the defendants for a change of venue to Madison county has been denied. The persons whom the plaintiffs seek to examine and the records which they seek to inspect are in Madison county, a distance of about 250 miles from New York city.

Trade secrets belonging to both plaintiffs and defendants are involved in this action. The plaintiffs claim that theirs have been wrongfully appropriated by the defendants and they seek to enjoin their further use. The defendants deny the charge made by the plaintiffs. The purpose of both motions is of course to aid the parties in meeting the issue. Ordinarily a defendant is entitled to full particulars of the plaintiff's claim, and a plaintiff is entitled to examine before trial, particularly in a case where many of the facts upon which the action is grounded are in the possession of the defendant. On the other hand, " secrets " constitute the very basis of this action.

The plaintiffs are asked to disclose in writing the particulars of these secrets which they claim the defendants are misappropriating. The plaintiffs likewise seek to delve into the intimate details of the defendants' business. The rights of parties to examine before trial in such circumstances have been considered and defined by our courts in *Meyer Bros., Inc.*, v. *Higgins* (232 App. Div. 783) and *Hillick* v. *Edwards & Son* (143 Misc. 277). It has been held that even where trade secrets are involved, the court may direct an examination before trial with such safeguards against publicity as are hereinafter prescribed.

No reported case in this State has come to the court's attention involving the right of a defendant to a bill of particulars of trade secrets, the misappropriation of which the action seeks to enjoin. However, I am persuaded by the ruling and reasoning in *Paper & Textile Machinery Co.* v. *Newlin* (101 N. J. Eq. 115; 137 A. 314) where a similar application was denied. The court feels that a similar course should be followed here, and in the exercise of dis-

cretion the application is denied as to this item. It is possible for the defendants to obtain the desired information, under the special circumstances here revealed, by an examination of the plaintiffs before trial upon conditions which will safeguard secrecy. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316.)

Upon defendants' motion for a bill of particulars, items 1 and 5 are denied. Item 2 is granted except that plaintiffs will not be required to disclose the names and addresses of the persons, officers, agents and employees of the plaintiffs, or their predecessors, who, it is claimed, cautioned or instructed Van Horn and Kempe with respect to the trade secrets. The plaintiffs will not be required to disclose the names of their witnesses. Items 3 and 4 are granted with leave to the plaintiffs to serve a supplemental bill of particulars as to item 4 thirty days in advance of the trial. The bill of particulars is to be served within ten days after the completion of examinations of defendants before trial and discovery and inspection of defendants' records.

Upon plaintiffs' motion for an examination of defendants before trial and for discovery and inspection, in accordance with the rulings made in *Meyer Bros., Inc.*, v. *Higgins* (*supra*) and *Hillick* v. *Edwards & Son* (*supra*), plaintiffs' motion is granted to the extent hereinafter indicated, the examination to proceed before a referee to be designated in the order herein, which order shall provide that " at the time of each examination the protection of secrecy be imposed with respect to the evidence adduced, so that such evidence in so far as it concerns trade secrets may not become available to other than the parties to the litigation, and the court or referee hearing the testimony upon the examination and upon the trial." The examination will commence at a time to be fixed in the order and will proceed at such time and place as shall be determined by the referee. The inspection and discovery of the records, books and papers of the corporate defendants will be held under the supervision of the referee at the office of the defendant corporations or at such other place as the referee may direct so that inconvenience to their officers and employees may be reduced to a minimum. The defendants' examination before trial is allowed as to the items designated in the order to show cause except that there is excluded from item 29 any reference to machinery, methods and processes covered by the Baum patent. This action does not involve any infringement of patent rights nor would the State court have jurisdiction thereof.

Discovery and inspection is allowed as to the following items: " a " to " s," inclusive, except that with respect to items " n " and " s " there is excluded all inquiry as to matters arising under the Baum patent. Item " t " is disallowed. The usual practice

in this type of action in equity is for the plaintiff to prove his right to an accounting, whereupon an interlocutory judgment is entered directing an accounting. The discovery and inspection should, therefore, be limited to those matters upon which the plaintiffs' right to an accounting is predicated. (*Pierce* v. *McLaughlin Real Estate Co.*, 121 App. Div. 501; *Del Genovese* v. *Del Genovese*, 149 id. 266.) The plaintiffs may renew their application as to the matters embraced in item " t " in the event they secure such interlocutory judgment. Items " u " and " v " are allowed. As to item " w " plaintiffs will be permitted to inspect and have discovery of letters, telegrams, copy books, etc., for the period from 1932 to date. Items " x," " y " and " z " are allowed. Item " aa " is allowed except that the period is fixed from 1932 to date.

Settle order on five days' notice.