GRIFFIN MANUFACTURING Co., INC., Respondent, *v.* GOLD DUST CORPORATION and Others, Appellants. (Appeal No. 2.)

Second Department, November 1, 1935.

*Carl L. Libby*, for the appellant Raymond Warburton.

*Everett W. Bovard* [*Jerome A. Peck* with him on the brief], for the respondent.

DAVIS, J. The plaintiff in this action seeks an injunction to restrain the unfair and unlawful competition of the corporate defendants, alleging, in brief, that it is the owner of secret processes and formula used in the manufacture of what it calls its No. 4 shoe paste or professional paste; and that the corporate defendants, being engaged in a similar business, have conspired with defendant Warburton, a former employee of plaintiff, to obtain and use these secret processes and formula to manufacture a shoe paste similar to or identical with that manufactured by plaintiff and sell it to the trade in competition with the plaintiff. It is alleged that thereby the plaintiff has suffered irreparable damage through its loss of customers and the loss of its business.

It is further alleged that between 1916 and 1919 Warburton, a chemist, was in the employ of plaintiff and became familiar, in his confidential relations with plaintiff, with all the secret processes and trade secrets which the plaintiff used in the manufacture of this No. 4 shoe paste; and that it was agreed that he should keep such information secret. In 1930 Warburton was employed by the corporate defendants and was paid $1,000 or other valuable consideration to disclose the secret formula or secret processes of the plaintiff to the defendants, so that they might make a product similar to that of plaintiff; and that Warburton had wrongfully made copies of this formula and processes which enabled him to obtain the consideration and employment.

The defendants by their answers, admitting the employment of Warburton, deny the communication and use of the formula and processes and the facts stated in respect to unfair competition.

The plaintiff has obtained an order for the examination of the corporate defendants, through certain officers and employees, and of defendant Warburton, and for discovery and inspection of certain books, records, correspondence and other documents. The corporate defendants on this appeal challenge the right of the plaintiff to have such examination, particularly in respect to certain items and the discovery and inspection of documents.

Defendant Warburton denies that he has communicated the plaintiff's secret processes to the corporate defendants, and says that the formula and processes he has communicated to the corporate defendants are not those of the plaintiff, but some that he acquired as a result of experimentation after he left the employ of plaintiff. He does not seriously object to being examined by the plaintiff in respect to the charge of conspiracy and the communication of any secret processes that he acquired while employed by plaintiff.

The items for examination numbered 3 and 4 in the order are the principal subjects of attack here. In brief, the defendants are to be examined concerning " the processes, formulae, methods, type of machinery, and the nature of the materials " used by the corporate defendants prior to the fall of 1930 " with reference to the manufacture of any shoe paste or professional paste which was offered by said defendants as substantially equivalent to and for the same purpose as No. 4 shoe paste or professional paste of the plaintiff; " and on the same subjects in 1930 and subsequent thereto.

It is obvious that such an examination will compel the corporate defendants to disclose their own secret processes as a matter of comparison with the undisclosed processes and formula of the plaintiff's product. These processes represent a property right, and the owner will not be compelled to disclose them in a litigation except in cases of urgent necessity (*Drake* v. *Herrman*, 261 N. Y. 414, 417), and then only under such protection of secrecy as may be furnished. (*Meyer Bros., Inc.*, v. *Higgins*, 232 App. Div. 783; *American Seal-Kap Corp.* v. *Smith Lee Co., Inc.*, 154 Misc. 176.) The examination of a party under the provisions of article 29 of the Civil Practice Act is to a large extent without supervision of a court or officer in respect to the questions to be asked and the objections that might be made thereto; and freedom of inquiry is practically unrestrained. It is difficult under such circumstances to protect a party in respect to the secrecy of his disclosures. The testimony is taken down by a stenographer and there is nothing to

prevent any person present from taking notes either of the statement of the witness or the contents of the documents produced for inspection.

The plaintiff must first establish the existence of a conspiracy and the disclosure of its secret processes by Warburton to the corporate defendants for a consideration. We must have in mind that eleven years have elapsed between the termination of Warburton's employment by plaintiff, during which employment he acquired the trade secrets, and the time of the alleged communication thereof to the corporate defendants for the purpose of unlawful competition. A part of the examination of all three defendants relates to this alleged conspiracy in respect to the communication of the secret processes and formula. If Warburton's employment by the corporate defendants was based on his later experimentation and the development of new processes, then the plaintiff has no cause of action. Unless the main charge of conspiracy is established, the plaintiff has no right to inquire into the secret processes of the corporate defendants. Every effort should be made to protect their secret processes until it is clear that there has been an unlawful conspiracy.

The examination of Warburton and the two corporate defendants may proceed on these subjects of conspiracy as outlined in the items contained in the order in respect thereto; but the defendants are entitled to protection until it is reasonably clear that there is a conspiracy. To that end the items numbered 3 and 4 will be struck out and in lieu thereof the following will be inserted: " Whether or not the corporate defendants have manufactured and placed on the market for sale in competition with the plaintiff's No. 4 shoe paste or professional paste any new or different shoe paste or professional paste since the employment by the corporate defendants of defendant Warburton; and, if so, the nature and materials of such paste and the source or origin of the formulae, methods, and type of machinery used in the manufacture thereof. If it be established by the examination that a new product has been put on the market in competition with plaintiff's No. 4 paste, and the plaintiff on the examination discloses the formulae, processes, methods, and type of machinery used in the manufacture of its paste,— then, for the purposes of comparison, the defendants and their officers may be examined fully as to the formulae, processes, methods, and type of machinery used by them in the manufacture of such new product."

The order must be further restricted in respect to the papers and documents ordered to be produced by the defendants on the examination. The books, records and other documents which the

defendants are required to produce on the examination in respect to the secret processes shall be used only for the purpose of refreshing the recollection of the witnesses and shall not be subject to inspection by the plaintiff until it has been established that the secret processes of plaintiff have been disclosed. The books, letters and documents relating to the employment of Warburton as provided in the order do not fall within this restriction; and plaintiff shall have the right to make examination thereof.

It is impossible to foresee what the developments will be during the examination. The scope of the examination and the right to make inspection will naturally be limited or widened in respect to the proof developed on the subject of the communication by defendant Warburton to the corporate defendants of the secret processes and formula of the plaintiff. The parties should have leave to apply to the court at Special Term, during the examination, to limit or extend the scope of the examination in accordance with the facts developed.

The appellant corporations complain that the form of the order as to the officers and employees to be examined may compel them to bring officers from the manufacturing plant of one of them in Indianapolis. Chiefly its officers are in or about New York city. If in good faith it produces officers near at hand, familiar with the facts, and its books as required, whereby the facts concerning the alleged conspiracy may be obtained, it will not be required to supplement that proof by the examination of officers from a distant State.

The order should be modified in accordance with this opinion and as modified affirmed, without costs.

SCUDDER, TOMPKINS and JOHNSTON, JJ., concur; LAZANSKY, P. J., not voting.

Order modified by striking out items 3 and 4 of the examination and substituting therefor a new item; by restricting the production of certain books, correspondence and documents to use only for refreshing the memory of the witnesses; by giving leave to the parties to apply to the court at Special Term, during the course of the examination, for an order limiting or extending the examination; and by limiting the number of officers of the corporate defendants to be called as witnesses, in accordance with the opinion. As so modified, the order is affirmed, without costs; the examination to proceed on five days' notice.

Settle order on notice.