VITA M. BURNS et al., Copartners Doing Business under the Name of BURNS MANUFACTURING Co., Plaintiffs, v. KATHERINE N. HAYES et al., Individually and as Copartners Doing Business under the Name of KAYLAN CUTLERY COMPANY, Defendants.*

Supreme Court, Special Term, Onondaga County, October 8, 1948.

* See, also, 190 Misc. 201, and 193 Misc. 501.

*Smith, Sovik, Levine & Richardson* for plaintiffs.

*Bond, Schoeneck & King* for defendants.

MALPASS, J. The plaintiffs have made this motion to vacate the defendants' demand for a bill of particulars in this action.

The action has been brought by the plaintiffs for the purpose of securing an injunction restraining the defendants from continuing the operation of a business in the conduct of which the plaintiffs allege that the defendants are unfairly and improperly using the secret processes of manufacture belonging to the plaintiffs and knowledge of confidential and secret information acquired by Katherine N. Hayes, one of the defendants, and other persons, while engaged as employees of the plaintiffs and their predecessor, Joseph E. Burns, and also money damages and an accounting.

The complaint sets forth three separate causes of action, the first of which is based upon the alleged illegal use of secret and confidential information acquired by the defendant, Katherine N. Hayes, as aforesaid and the seduction of employees of the plaintiff and may be considered as alleging the facts upon which the injunctive relief and an accounting is sought. The second cause of action is a reiteration of the first cause of action except that damages in addition to the injunctive

relief are asked for by reason of the alleged acts of the defendants with reference to the use of a particular room of the Palmer House in Chicago, Illinois, where is held the annual exhibition conducted by the Housewares Manufacturers Association at which time substantial orders are placed by customers for the products of the plaintiffs, it being alleged that the defendants procured and used the room in said hotel which had been used by the plaintiffs and their predecessor over a period of years prior to 1945 and that the defendants, while Katherine N. Hayes was still in the employ of the plaintiffs, for the purpose of deceiving the customers of the plaintiffs, used said room for the purpose of promoting their own business rather than that of the plaintiffs. The third cause of action alleges that the defendant, Katherine N. Hayes, entered into a conspiracy with one Arthur M. Newhouse, who was engaged in the business of selling the product of the plaintiffs on a commission basis, and that she, the said Katherine N. Hayes, altered and forged the books and records of the plaintiffs in such a way that there was paid to the said Newhouse substantial sums of money for sales which he had not brought about and for commissions to which he was not entitled. The plaintiffs ask for a money judgment for the damages alleged to have been suffered by them by reason of the facts alleged in the second and third causes of action set forth in the complaint.

The defendants served a demand for a bill of particulars in which they required the particulars of 119 specific items and it is to vacate or modify this demand that this motion has been made by the plaintiffs. Upon the oral argument of the motion it was agreed that the particulars demanded in paragraphs numbered 1, 2, 4, 5, 6, 10, 18, 19, subdivisions (a) and (c), 20, subdivisions (a), (d) and (g), 21, subdivisions (a), (b) and (c), 24 and 25, subdivisions (a), (b) and (c) should be furnished. It was also agreed that the demand set forth in paragraphs 19, subdivision (b), and 27, subdivision (a), should be stricken out of the demand and withdrawn by the defendants. There is left for consideration upon this motion, therefore, the question as to whether or not the plaintiffs should be required to furnish the particulars demanded in the remaining paragraphs.

The plaintiffs urge that the demand is unnecessarily burdensome and unreasonable and constitutes an abuse of the right to a bill of particulars and should be denied in its entirety. There may be some force to the argument that the demand is repetitious and overmeticulous, but it might also be said that to a certain extent this is true also of the complaint to

which the motion for a bill of particulars is necessarily directed. Under certain circumstances a bill of particulars may be denied upon this ground (*American Mint Corp.* v. *Ex-Lax, Inc.,* 260 App. Div. 576), but I have decided, for the purpose of expedition of the matter, to grant an order directing that particulars be furnished to the extent which in my opinion is proper. " The object of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial by enabling him to know definitely the claim which he is called upon to meet ". (*Elman* v. *Ziegfeld,* 200 App. Div. 494, 497.)

The complaint contains allegations to the effect that these defendants are using in their business a secret process and secret and confidential information acquired by Katherine N. Hayes, one of the defendants, as an employee of the plaintiffs and it is asserted that the plaintiffs should not be required to disclose in detail the nature of these secret processes. There seems to be authority which supports the contention of the plaintiffs in this regard. (*Cornell-Dubilier Elec. Corp.* v. *Mica-Mold Radio Corp.,* 50 N. Y. S. 2d 318; *American Seal-Kap Corp.* v. *Smith Lee Co.,* 154 Misc. 176.) It is undisputed that Katherine N. Hayes, one of the defendants, was employed by Joseph E. Burns, the predecessor of the plaintiffs in the year 1926 and continued in Mr. Burns' employ down to the date of his death in 1942 and thereafter continued in the employ of the plaintiffs until December 12, 1945. That during a substantial part of this time she occupied a managerial position and it is fair to assume that she is fully acquainted with the processes involved in the conduct of the business of the plaintiffs and their predecessor and it would seem proper exercise of discretion to refuse the demand that the plaintiffs place in writing in a bill of particulars all of the details of the various processes involved in the operation of the plaintiffs' business which plaintiffs claim to be secret. In *National Starch Products* v. *Polymer Industries* (273 App. Div. 732) the Appellate Division, First Department, in a case similar to the instant case said (p. 739) : " Great care should be exercised by the trial court, as was done in *DuPont Powder Co.* v. *Masland* (244 U. S. 100, *supra*) to guard against the disclosure during the trial of what may ultimately prove to be trade secrets belonging to the plaintiff. Wise use should be made of the discretionary powers of the trial court in the conduct of the trial to that end. The merits of the case cannot be tried, however, on these motions addressed to the answer." In the case of *DuPont Powder Co.* v. *Masland* (244 U. S. 100) Justice HOLMES, writing for the

court, said (p. 102): " Whether the plaintiffs have any valuable secret or not the defendant knows the facts, whatever they are, through a special confidence that he accepted." The court sustained a preliminary injunction against disclosing any of the plaintiff's alleged processes during the taking of proof leaving to the trial judge the power to pass upon the necessity of revealing the secrets to others during the course of the trial. In discussing this decision, Justice VAN VOORHIS in the case of *National Starch Products* v. *Polymer Industries* (*supra*) refers to the injunction order as an order *pendente lite* which sought to manage the difficult problem of how to enable the defendant to present his defense without publishing what would be a trade secret if plaintiff were to prevail in the action. In my opinion, the plaintiffs should not be required to state in a bill of particulars the secrets pertaining to the conduct of plaintiffs' business which it is claimed the defendants are illegally using in the conduct of their competing enterprise.

The defendants in their demand have repeatedly requested " exact " particulars as to the date and place and manner in which certain alleged acts of the defendants occurred. The word, " exact " is a frequent source of difficulty in demands and motions for bills of particulars. It is held too broad and approximate answers are sufficient. (McCullen, Bills of Particulars, § 210; *Elmore* v. *Chester,* 235 App. Div. 854; *Rustin* v. *Rustin,* 228 App. Div. 839.) Frequently the defendants have set forth an item and demanded a " detailed statement of the substance thereof." It is difficult to reconcile the word, " detailed ", with the use of the word, " substance ". The defendants are entitled to be furnished with substantially accurate and fair statements with reference to any particulars required to be furnished in order that they may be adequately apprised of the claims of the plaintiffs and not be subject to surprise upon the trial. (*Godwin* v. *Advance Metal Lithographing, Inc.,* 255 App. Div. 791.)

Paragraph 3, the first disputed paragraph of the demand, sets forth a demand for particulars as to the details of the processes claimed to be secret by the plaintiffs and in my opinion plaintiffs should not be required to state in a bill of particulars the details of such process. The plaintiffs should furnish the approximate dates between which they claim the secret process was developed and item (a) of this paragraph 3 should be modified accordingly. Items (b), (c) and (d) should be stricken out of the demand.

The next disputed paragraph of the demand (No. 7) is directed to the allegations set forth in paragraph 8 of the complaint in which it is alleged that the defendant, Katherine N. Hayes, had no knowledge of the alleged secret processes prior to her entry into the employ of Joseph E. Burns, the predecessor of these plaintiffs, and that Mr. Burns imparted to her, knowledge of these secret processes in confidence as an employee and that she promised the said Joseph E. Burns and the plaintiffs, as successors, to use said secret processes solely in the business and for the benefit of Mr. Burns and these plaintiffs. The demand for particulars is allowed to the extent that the plaintiffs are required to furnish particulars as to the approximate time and place and the manner in which Joseph E. Burns imparted knowledge of the alleged secret processes to the defendant, Katherine N. Hayes, and also whether it was done orally or in writing and, if in writing, a general statement as to the facts set forth in the written document but the plaintiffs are not required to set forth such details as will disclose processes which are claimed by them to be secret. In the event it is claimed by the plaintiffs that Mr. Burns imparted knowledge of these processes to the defendant, Katherine N. Hayes, by the use of persons other than himself, the plaintiffs should not be required to furnish the names and addresses of those persons for this would be tantamount to compelling a disclosure of plaintiffs' witnesses. With respect to the promises to keep such knowledge and information confidential and to use the same only in the business of the plaintiffs or their predecessor, the plaintiffs should be required to state whether such promises were written or oral and if written the plaintiffs should be required to furnish the defendants with a copy thereof and if oral with the substance thereof.

There is an implied contract between an employer and an employee that the employee shall not divulge any trade secrets imparted to him. (*Little* v. *Gallus,* 4 App. Div. 569; *Fairchild Engine & Airplane Corp.* v. *Cox,* 50 N. Y. S. 2d 643; *Spiselman* v. *Rabinowitz,* 270 App. Div. 548.) The defendants are entitled to know whether the plaintiffs rely on an implied or an express contract and if upon the latter, the particulars connected therewith.

Paragraph 8 of the demand requests particulars as to the allegations in paragraph 9 of the complaint and requires that the plaintiffs furnish the name and address of every person employed by plaintiffs' predecessor, Joseph E. Burns, to whom it is claimed that Mr. Burns conveyed knowledge of the alleged

secret processes and whether or not such knowledge was conveyed orally or in writing and the same particulars are demanded with reference to the alleged promise of these persons to keep said knowledge in confidence. It would seem that the plaintiffs should not be required to furnish the names and addresses of any employees of Joseph E. Burns except those employees who it is claimed have subsequently entered the employ of the defendants or those employees of Mr. Burns whose knowledge of the secret processes involved is now or has been made use of by the defendants in carrying on the business which it is claimed unfairly competes with the business of the plaintiffs. Paragraph 8 of the demand should be modified by requiring the plaintiffs to furnish the names and addresses of any employees of Joseph E. Burns who later became employees of the defendants or from whom the plaintiffs claim the defendants acquired knowledge of the alleged secret processes and the approximate date of their employment by Mr. Burns. The plaintiffs should also furnish a statement as to whether or not such knowledge was conveyed orally or in writing to these persons and a statement as to what was the substance of the provisions of the written document or the oral instructions, with the same limitation as to the disclosure of the details of the alleged secret processes as hereinbefore provided, with reference to paragraph 7 of the demand.

Paragraph 9 of the demand seeks particulars of the allegations set forth in paragraph 10 of the complaint and is substantially the same as the demand set forth in paragraph 8 except that it refers to persons in the employment of the plaintiffs after the death of Joseph E. Burns and as to the particulars requiring names and addresses of such persons and the manner in which they acquired the knowledge of the alleged secret processes and their promise to keep said information and knowledge confidential, the same particulars should be furnished by the plaintiffs with reference to their employees as is required to be furnished with reference to the employees of Joseph E. Burns as above stated in regard to paragraph 8 of the demand.

The next disputed paragraph of the demand is number 11, which demands particulars with reference to the allegations of paragraph 12 of the complaint in which it is alleged that the plaintiffs and Mr. Burns, their predecessor, have spent large sums of money in advertising their product as the result of which the product and certain characteristics connected with its production have acquired a secondary meaning and become

generally known as marks of the plaintiffs' manufacture. The defendants are entitled, in my opinion, to the particulars demanded in paragraph 11 of the demand.

Paragraph 12 of the demand requests particulars with reference to the allegations of paragraph 13 of the complaint, the substance of which is that the defendant, Katherine N. Hayes, by reason of her employment by Joseph E. Burns and the plaintiffs obtained confidential information as to the customers of the plaintiffs and salesmen with whom the plaintiffs and their predecessor did business and that such information was confidential and that the said defendant, Katherine N. Hayes, promised to use such information solely in the business of the plaintiffs and not to reveal the same to others. The plaintiffs object to the demand set forth in paragraph 12 upon the ground that this compels a disclosure of the names and addresses of plaintiffs' witnesses. It is undoubtedly the rule that a party should not be compelled to make disclosure of the names of witnesses other than in exceptional cases. It would seem that this is a case which falls within the exception to the general rule and that the defendants are entitled to a statement as to the names and addresses of the customers and salesmen of the plaintiffs or their predecessor, Mr. Burns, whose business relations with the plaintiffs it is claimed have been wrongfully interfered with or jeopardized by the defendants. (*Evening Herald Co.* v. *Kilmer,* 167 App. Div. 399; *Post-Express Printing Co.* v. *Adams,* 55 Hun 35.) Also in view of the fact that it is alleged in the complaint that the knowledge of the names and addresses and acquaintances of the customers and salesmen could be obtained only after considerable effort and the incurring of great expense, the plaintiffs should be required to furnish a general statement of the expenses incurred by them or their predecessor and a description of the effort referred to in this paragraph of the complaint. It is not necessary for the proper defense of the action that the defendants be given particulars as to " the exact manner in which, and the date upon which " it is claimed such acquaintance was made. All that is required is that the defendants be apprised of the names and addresses of the customers and salesmen with whom it is claimed that the defendant, Katherine N. Hayes, became acquainted by reason of her employment by the plaintiffs or their predecessor and if it is claimed that any promises to keep such information secret were made, a statement as to the substance of the promise and whether it was written or oral. There is an implied contract on the part of an employee

not to reveal the names of customers of the employer. If plaintiffs claim that an express contract not to reveal such names was entered into, they should be required to state the nature and terms of the contract and the names of the persons by whom the contract was brought about.

Paragraph 13 of the demand requests particulars with reference to the allegations of paragraph 14 of the complaint which seem to be proper and is allowed without modification.

Paragraph 14 of the demand requests particulars as to the allegations contained in paragraph 15 of the complaint in which it is alleged that the plaintiffs and their predecessor, Mr. Burns, had given "secret specifications" for materials and equipment to certain individuals and corporations from whom they procured the materials and equipment needed in the conduct of their business and it is alleged that said individuals and corporations agreed to manufacture said materials and equipment solely for the plaintiffs and their predecessor. The defendants demand a "detailed description" of each and every specification to which reference is made in this paragraph and also the names and addresses of the persons who supplied the plaintiffs with alleged secret materials and equipment. This demand should be denied for the reason that it involves a disclosure of what is claimed to be secret and plaintiffs should not be required to state such information in a bill of particulars for the reasons hereinbefore stated. Such information may more properly be disclosed upon an examination of the plaintiffs before trial where the evidence in regard thereto may be taken under proper safeguards as to secrecy. (*American Seal-Kap Corp.* v. *Smith Lee Co.*, 154 Misc. 176, *supra*, affd. 248 App. Div. 617.)

Paragraph 15 of the demand seeks particulars as to the allegations contained in paragraph 16 of the complaint in which it is alleged in substance that the defendant, Katherine N. Hayes, acquired knowledge of the secret specifications and of the names and addresses of the individuals and corporations supplying and manufacturing the materials and equipment referred to in the next preceding paragraph and that she promised to use said knowledge solely for the benefit of the plaintiffs and their predecessor, Mr. Burns. It is undisputed that Katherine N. Hayes was in the employ of Mr. Burns and the plaintiffs for a period of over twenty years and it seems arbitrary to require the plaintiffs to state "each and every date upon which and each and every place where, and the detailed manner in which," it is claimed the knowledge to which refer-

ence is made in said paragraph was imparted to the defendant, Katherine N. Hayes. The plaintiffs should be required to furnish a statement as to the approximate time and place and manner in which the defendant, Katherine N. Hayes, acquired the knowledge of these specifications and equipment and also a statement as to the nature and substance of the agreement or promise on her part to use said knowledge solely in the business and for the benefit of the plaintiffs or their predecessor, Mr. Burns, and if such promise was in writing, to furnish the defendants with a copy of said writing.

(A portion of the original decision of the Justice determining questions of subordinate importance are omitted because they are not of general interest.)