■ MINNESOTA MINING & MANUFACTURING COMPANY, Respondent, v. TECHNICAL TAPE CORP. et al., Appellants, et al., Defendants.— In an action to restrain appellants and others from using information concerning respondent's manufacture of certain products, which information is alleged to be secret property of respondent and to have been acquired by defendant Beyer while he was employed by respondent in a position of trust, and for other relief, the appeals are from two orders. One order granted respondent's motion to strike out four defenses and one partial defense which are identically set forth, or at least substantially so, in each of the separate answers of the three appellants, on the ground that each said defense is insufficient in law on the face, thereof. The other order granted in part and denied in part respondent's motion to modify and restrict appellants' amended notice of examination before trial of respondent, and the appeal therefrom is from so much thereof as struck certain items from the notice and otherwise restricted the conduct of the examination in certain respects. Order striking out defenses modified by striking from said order the first ordering paragraph; by striking from subdivisions (a) and (c) of the second ordering paragraph the following words: "the second affirmative defense, contained in paragraphs Twenty-third to Twenty-ninth, inclusive"; by striking from subdivision (b) of the second ordering paragraph the following words: "the second affirmative defense, contained in paragraphs Twenty-second to Twenty-eighth, inclusive"; and by adding to said order a provision that the motion be in all other respects denied. As so modified, order affirmed, without costs. Even though the · issue of whether respondent's alleged secrets are in fact secret might be sufficiently raised by denials of allegations in the complaint, such an issue, under the circumstances presented in this case, may also be raised by affirmative defense, as it has been in the second defense in each of the said answers (*National Starch Prods.* v. *Polymer Inds.*, 273 App. Div. 732). It is also alleged in these second defenses that the employment agreement between respondent and · defendant Beyer, containing restrictive covenants on the part of the latter, upon which agreement the complaint in part relies, is illegal. A defense of illegality of contract may be pleaded affirmatively (*Brearton* v. *De Witt*, 252 N. Y. 495, 500; *Sturm* v. *Truby*, 245 App. Div. 357) unless, possibly, the illegality appears on the face of the complaint (*Brearton* v. *De Witt, supra*). The claimed illegality does not appear on the face of respondent's complaint. In making this determination, we are mindful of the rule that pleadings in equity are more liberally treated than in law (*Susquehanna S. S. Co.* v. *Anderson & Co.*, 239 N. Y. 285, 294) and that matter pleaded as an affirmative defense need not always be struck out merely because it can be proved under denials of allegations of the complaint · (*Morgan Munitions Supply Co.* v. *Studebaker Corp. of America*, 226 N. Y. 94, 98). Order modifying appellants' amended notice of examination before trial modified by striking from subdivision (1) of the first ordering paragraph "47 to 103 inclusive," and by substituting therefore "61 to 70 inclusive, and 103"; by adding immediately after the word "customers" at the end of subdivision (2) of the first ordering paragraph "except that, if on the examination, defendants Technical Tape Corp., Paul Cohen and Paul Shalita disclose processes of manufacture used by the defendant Technical Tape Corp., at any time or times subsequent to February, 1951, plaintiff may be required to disclose whether it employed the same or similar processes at any time or times prior to May 25, 1951"; by inserting immediately after the words "deposition required" in subdivision (3) of the first ordering paragraph "except that, as to the contents of such books, documents and records which pertain to plaintiff's claimed secret processes, the said contents

shall be used"; by striking from the said subdivision the subsequent words: "such books, documents and records produced", and by substituting therefor "said contents", and by striking from subdivision (4) of the first ordering paragraph the word "only" and by adding immediately after the word "facts" at the end of the said subdivision "and, upon examination with respect to items 71 to 102, inclusive, its employee Ted Laux". As so modified, order insofar as appealed from affirmed, without costs. In our opinion appellants ought to be permitted to examine respondent with respect to the facts which may tend to support their contention that the agreement with Beyer is illegal (items 47 to 60, inclusive) and generally with respect to the facts concerning the alleged admission by Beyer (71 to 102, inclusive). As to the modifications concerning the restrictions upon any examination of respondent with respect to its processes and concerning the use to be made of books, documents and records, see *Griffin Mfg. Co.* v. *Gold Dust Corp.* (245 App. Div. 385) and *N. D. Q. Specialty Corp.* v. *Cypress Novelty Corp.* (250 App. Div. 881). Undisputedly, Laux would be the only person who would be able to give information as to a large part of the matter of the alleged procurance of the claimed admission. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. [See *post*, p. 861.]