Nicholas M. Pette, J.
Plaintiff and defendant apply for rulings on objections to questions asked by each of the other on examinations before trial, in an action brought by plaintiff for a permanent injunction and damages against the defendant for trade-mark infringement and unfair competition.
Plaintiff was examined before trial first, and the examination established that plaintiff is claiming damages by reason of the defendant’s alleged infringement of plaintiff’s trade-mark. *368 Defendant’s counsel, in the course of his inquiry into the issue of plaintiff’s damages asked questions and requested production of records with respect to plaintiff’s cost of production of SaniWhite shoe polish, plaintiff’s sales volume before and after the alleged infringement, broken down into the alleged geographical areas of competition between the parties, to all of which plaintiff’s counsel objected. When plaintiff examined the defendant before trial, plaintiff’s counsel asked the same questions of the defendant and requested the production of its records, to all of which defendant’s counsel objected.
The statutory intent authorizing examinations before trial is “to remove all ‘ procedural trammels ’ and to permit the examination of adverse parties within the reasonable limits that the testimony shall be material and necessary in the prosecution or defense of the action ”. (Hillick v. Edwards & Sons, 143 Misc. 277, 279.) The statute is remedial and has been liberally construed in a furtherance of justice and to effectuate its purpose. The court has a wide discretion with respect to the extent and scope of the examination, and generally will permit an examination material and necessary to prove a claim or an affirmative defense, where the examination is sought in good faith, irrespective of the burden of proof.
In an action for damages for the unauthorized use of a device or trade-mark which plaintiff claims to have originated and developed, a pretrial examination in respect to the computation of the damages which will be long and complicated will be denied until the liability has first been determined. (Crandall v. Ford Motor Co., 260 App. Div. 380; DaccMlle v. Pepsi-Cola Co., 269 App. Div. 988.) Likewise, an examination before trial which seeks to delve into a secret process (Griffin Mfg. Co. v. Gold Dust Corp., 245 App. Div. 385; Drake v. Herrman, 261 N. Y. 414, 417) or which seeks to pry into a party’s profits, trade secrets in the conduct of its business which will involve a protracted and complicated examination, is not allowed. Before there has been an adjudication of infringement or liability, the defendant need not answer the questions relating to the issue of damages, since that will throw no light on the essential issues of infringement and liability.
The court, in the exercise of its discretion hereby sustains the objections interposed on the examination before trial of the plaintiff, and also sustains the objections interposed on the examination before trial of the defendant.