Walter R. Hart, J.
This is a motion by plaintiff to modify defendants’ demand for a bill of particulars by striking therefrom certain items of demand which are claimed to be objectionable.
The action is one in which plaintiff, in addition to seeking an accounting and money damages, seeks to have defendants enjoined and restrained from using trade secrets and confidential information alleged to have been acquired by the individual defendant while in plaintiff’s employ and to have been imparted by him to his present employers, the corporate defendants; *918 also to restrain defendants from infringing upon plaintiff’s products and from soliciting plaintiff’s employees with a view to their employment by defendants.
The instant motion is disposed of as follows, in accordance with the views hereinafter expressed: Denied as to paragraphs 3, 4, 10 and items 7(d) and 8(h), of the demand; granted as to paragraph 5, and items (a) to (g), inclusive, of paragraph 8 of said demand.
As respects the afore-mentioned paragraphs 3 and 4, plaintiff may give such general description as is designed to indicate that its techniques and methods, as well as its machinery and the manner of installation thereof, are different from those in general usage and common knowledge in the trade, without the need to disclose any secret process or other trade secret (N. D. Q. Specialty Corp. v. Cypress Novelty Corp., 250 App. Div. 881).
Item (d) of paragraph 7 cannot be considered objectionable since, plaintiff’s argument to the contrary notwithstanding, defendants are entitled to be apprised of what plaintiff claims the facts to be irrespective of any knowledge that defendants may have as to such facts (Solomon v. Travelers Fire Ins. Co., 5 A D 2d 1017).
Item (h) of paragraph 8, seeking particulars as to the time when, and the manner in which, the alleged trade secrets were imparted to plaintiff’s former employee, defendant Gerson, and the person imparting the same, is allowed (Burns v. Hayes, 193 Misc. 491).
Paragraph 10 which seeks to ascertain the name and address of any person or firm alleged to have been deceived into believing that defendant’s products were “those of the plaintiff” is a demand which properly can be made in this case as an exception to the general rule that a party should not he compelled to make disclosure of witnesses (Evening Herald Co. v. Kilmer, 167 App. Div. 399; Cornell-Dubilier Elec. Corp. v. Micamold Radio Corp., 50 N. Y. S. 2d
Paragraph 5 of the demand is objectionable as requiring the disclosure of trade secrets (American Seal-Kap Corp. v. Lee Co., 154 Misc. 176, affd. 248 App. Div. 617).
Items (a) to (g) inclusive of paragraph 8 of the demand are likewise objectionable as requiring the disclosure of trade secrets; and moreover, any particulars bearing upon such items, to which plaintiff may properly he entitled, will be made available to defendants through plaintiff’s compliance with paragraphs 3 and 4 of the demand as directed herein.
Settle order on notice in accordance with the foregoing.