Beet B. Lockwood, J.
This is an application by the defendant for an order directing the plaintiff to produce two certain manuals covering over-all operation and one personnel management manual covering hiring and training of personnel of the plaintiff’s Syracuse office for all the purposes set forth in sections 296 and 324 of the Civil Practice Act. The plaintiff is a corporation engaged in the business of making small loans. The defendant has had 24 years’ experience in the small loan business with 4 different companies, and 20 of the 24 years’ experience has been as manager.
The defendant entered plaintiff’s employ in August, 1951 and in January, 1952, plaintiff and defendant executed an instrument in writing containing certain restrictive covenants. Defendant remained in plaintiff’s employ until February, 1960. In May, 1960, defendant entered the employ of the Public Loan Co., Inc., a competitor of the plaintiff, as manager of its Syracuse office and is still acting in such capacity.
The plaintiff has brought action against the defendant to restrain defendant from violating certain restrictive covenants contained in the January, 1952 employment contract. The defendant has served an answer in which he denies in substance that there were any trade secrets or that there was anything confidential about plaintiff’s business. Defendant’s answer also contains a first affirmative defense alleging that the January, 1952 agreement was without consideration and a second affirmative defense alleging that because of the directives in the herein-before referred to manuals and because of the plaintiff’s insistence that defendant comply with such directives, the defendant was obliged to resign from the plaintiff’s employ. Defendant’s answer also contains a third affirmative defense alleging that plaintiff violated the January, 1952 agreement by wrongfully reducing the compensation to be paid the defendant.
Arguing against the motion, the plaintiff contends the information contained in the manuals is unique in the small loan industry and constitutes a trade secret and that if required to turn the contents of these manuals over to defendant, it would deprive the plaintiff of its trade secrets and the benefits of many years’ experience in the small loan field. On the other hand, the defendant claims there is nothing in these manuals which is confidential or which constitutes trade secrets and that the production, examination and copying of these manuals is material and necessary for the defendant to properly prepare his defense.
The court has examined the three manuals. It is readily apparent the information contained in the manuals is confidential and is intended only for the use of certain of plaintiff’s *927 key employees and was not intended to be made available to the public and certainly not to plaintiff’s competitors. It is also readily understandable the manuals are the result of many years ’ experience in plaintiff’s particular business and undoubtedly represent a very substantial investment. Inasmuch as the information is confidential in nature, the plaintiff should be privileged against disclosing same if it is reasonable to do so. “ Judicial policy favors permitting parties upon a proper showing to obtain information necessary and relevant to the conduct of their cases. However, even where there is no legal privilege against disclosure, certain types of information, confidential in nature, or subject to abuses if widely divulged, should be accorded judicial safeguards wherever possible.” (La Monte v. Smith, 10 A D 2d 678.)
The defendant’s affidavit attached to the moving papers states that the three manuals were issued to the Syracuse office subsequent to the latter part of the year 1959 and that the defendant became familiar with the directives in the manuals and that said directives were of such a nature and constituted such a change of the conditions under which the defendant had been working since 1951 that he was compelled to terminate his employment with the plaintiff. Nowhere does the defendant set forth any explanation as to why, a few months later, he could not and cannot now remember the directives which were of such a nature as to compel him to terminate his employment with the plaintiff. If the directives brought about so drastic a change in conditions as defendant claims, it is only reasonable for this court to conclude that they must have sufficiently impressed the defendant so that he would know what the directives are.
The burden is cast upon the defendant to produce some evidence that the production and examination of the manuals is necessary and material and that the information cannot otherwise be obtained. (Drake v. Herrman, 261 N. Y. 414.) This court feels the evidence bearing upon the question of necessity and materiality is entirely insufficient. It is the decision of this court that the plaintiff should not be required to produce the three manuals at this time and that the matter should be left to the discretion of the Trial Justice.
The defendant’s motion is therefore denied without prejudice.
The plaintiff has also moved to dismiss the defendant’s second affirmative defense and this court is of the opinion this should be determined upon the trial of the action and the plaintiff’s motion is therefore denied. Ordered accordingly.