■ Western Electric Company, Incorporated, Appellant, v. Solitron Devices, Inc., Respondent.— Order entered April 24, 1969 denying disclosure of evidence and granting respondent's motion for protective order and for other relief unanimously modified on the facts and in the exercise of discretion to the extent of affirming the order without prejudice to renewal of the application to the trial court, if it is determined that the contract is valid and has not

been terminated, and otherwise affirmed, without costs or disbursements. The action is for an accounting based on a written patent license agreement to pay royalties. Such further disclosures, as may be proper and necessary to determine the rights of the parties, may be had under the direction and conditions fixed by the trial court. It may well be that rights accrued to plaintiff prior to the alleged termination of the contract. The alleged termination of the contract, if the contract is valid, cannot affect the rights accrued prior to termination. The respondent alleges that no royalties accrued prior to the termination and that it was so admitted by plaintiff's representative. Appellant also contends it has a contractual right to disclosure of evidence showing respondent's manufacturing processes even if such evidence involves trade secrets. Respondent challenges the validity of the underlying patents and claims that the contract was validly terminated some time early in March of 1961 by a telephone call to one Butterfield and confirmed by letter dated March 28, 1961 to Butterfield. Apparently, respondent's transactions with appellant were solely through Butterfield. Appellant has not submitted any affidavit as to such transactions. Accordingly, the interests of justice dictate that the issues of validity of the patents, whether plaintiff was entitled to royalties prior to, and whether there was, a valid termination, be determined before it is decided whether and to what extent appellant is entitled to disclosure. (See *Drake* v. *Herrman*, 261 N. Y. 414; *Griffin Mfg. Co.* v. *Gold Dust Corp.*, 245 App. Div. 385; *Lever Bros. Co.* v. *Proctor & Gamble Mfg. Co.*, 38 F. Supp. 680; *Ray* v. *Allied Chem. Corp.*, 34 F. R. D. 456; *Western States Mach. Co.* v. *S. S. Hepworth Co.*, 1 F. R. D. 766; *International Nickel Co.* v. *Ford Motor Co.*, 15 F. R. D. 392.) Concur — Eager, J. P., Capozzoli, Nunez and McNally, JJ.