■ HARVARD MUTUAL AGENCY, INC., Respondent, v WILLIAM A. PYRCZAK et al., Appellants.—Order unanimously modified

on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendants' application for a protective order should have been granted. It is well settled that, unless necessary to establish the right to an accounting, a plaintiff is not entitled to discovery of a defendant's financial records in an accounting action until the right to an accounting has been demonstrated (A. Colish, Inc. v Abramson, 150 AD2d 210; Shandell v Katz, 95 AD2d 742; Papazoglou v Papazoglou, 69 AD2d 855). The financial documents sought to be produced are neither necessary nor relevant to prove that plaintiff has a right to an accounting. We disagree with Supreme Court's conclusion that this action involves more than an accounting. Plaintiff alleged that the individual defendants, while employed by plaintiff agency, conspired to take confidential customer lists and information that had been prepared by plaintiff and to use those lists and data when they left plaintiff agency and formed a competing business. The complaint seeks an injunction restraining continued use of the customer information and damages in the nature of loss of profits, and requests that defendants account for the profits they made through use of the confidential customer information. Plaintiff seeks no other damages or remedies.

We further modify the order to direct plaintiff to provide the names of customers it has lost by reason of defendants' alleged conduct. Where the complaint alleges a loss of customers, the defendant may demand the names of those customers in a bill of particulars (see, Brugman v County of Nassau, 41 AD2d 653; Elman v Ziegfeld, 200 App Div 494, 498; Burns v Hayes, 193 Misc 491). (Appeal from order of Supreme Court, Monroe County, Curran, J.—discovery.) Present—Dillon, P. J., Callahan, Denman, Balio and Davis, JJ.